**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 17, 2005**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-31010

_____

UNITED STATES OF AMERICA ex rel. WILLIAM GARIBALDI, CARLOS SAMUEL

Plaintiffs-Appellees

versus

ORLEANS PARISH SCHOOL BOARD

Defendants-Appellants

_____

Appeal from the United States District Court for

the Eastern District of Louisiana

_____

Before REAVLEY, JONES, and DENNIS, Circuit Judges.

DENNIS, Circuit Judge:

In the previous appeal in this qui tam action under the False

Claims Act (FCA), *Garibaldi I,*[1] we vacated the plaintiffs' judgment

on the verdict, and rendered judgment for the Orleans Parish School

Board holding that the board was not a "person" subject to

liability under the FCA. This court's judgment in that case became

final when the Supreme Court denied certiorari.[2] Subsequently, the

---

[1] *United States, ex rel. Garibaldi*, 244 F.3d 486 (5th cir. 2001).

[2] *U.S. ex rel. Garibaldi v. Orleans Parish School Bd.*, 534 U.S. 1078 (2002); rehearing denied 534 U.S. 1172 (2002).

1

Supreme Court, in *Cook County v. United States ex rel Chandler*,[3] held that local governments are "persons" amenable to qui tam actions under the FCA. Following the Supreme Court's decision in *Chandler*, the plaintiffs filed a motion in the district court for relief under Rule 60(b)(6) from this court's final judgment in *Garibaldi I*. The district court concluded that *Chandler* had overruled *Garibaldi I*, granted plaintiffs' motion, and re-entered its judgment on the verdict for the plaintiffs against the school board. The school board appealed. We reverse. In the absence of "extraordinary circumstances," a change in controlling decisional law after the finality of a judgment does not warrant reopening the judgment under Rule 60(b)(6). The circumstances here are not "extraordinary" because this case is not materially distinguishable from the "ordinary" case in which a subsequent change in controlling law is not held to justify relief from a prior final judgment under Rule 60(b)(6).

## Background

The relators brought suit against their employer, the Orleans Parish School Board, on behalf of the United States for numerous violations of the False Claims Act, 31 U.S.C. § 3729, et seq. The jury returned a verdict in favor of the plaintiffs for $22,800,000, plus $7,850,000 for false claims. The district court subsequently

---

[3] 538 U.S. 119 (2003)

issued an Amended Judgment reducing the award to $21,899,856, plus $100,000 for false claims. The relators were awarded 12.5% of the proceeds.

The school board appealed, arguing principally that as a local government unit it is not subject to liability under the FCA. This court agreed, vacated the judgment against the board, and rendered judgment against the plaintiffs.[4] The relators filed a petition for rehearing and for rehearing en banc, which was denied by this court.[5] The relators then petitioned for certiorari by the United States Supreme Court. The Supreme Court denied the petition.[6] Thereupon, the relators filed a petition for rehearing on certiorari, alerting the Court to the fact that, since their petition had been filed, a circuit split had developed between the Fifth, Third, and Seventh Circuits on the issue of whether local governments are amenable to suit under the FCA, citing *United States ex rel. Chandler v. Cook County*,[7] and *United States ex rel.*

---

[4] *Garibaldi I*, 244 F.3d 486 (5th Cir. 2001).

[5] *United States ex rel. Garibaldi v. Orleans Parish School Bd.*, 264 F.3d 1143 (5th Cir. 2001).

[6] *United States ex rel. Garibaldi v. Orleans Parish School Bd.*, 534 U.S. 1078 (2002).

[7] 277 F.3d 969 (7th Cir. 2002)(holding that a county is subject to liability under the FCA).

*Dunleavy v. County of Delaware*.[8]  The Supreme Court denied the board's petition for rehearing on certiorari and the *Garibaldi I* judgment in favor of the board became final on February 25, 2002.[9]

Four months later, the Supreme Court granted a writ of certiorari in *Chandler*, and  on March 10, 2003, issued its decision holding that counties are subject to liability under the FCA.[10]  In its opinion, the Supreme Court noted that the Seventh Circuit's decision in *Chandler*, of which the high court approved, conflicted with the opinions of two other courts of appeals, citing in a footnote the decision by this circuit in *Garibaldi I* and the decision by the Third Circuit in *Dunleavy*.[11]  The Supreme Court's opinion, however, did not otherwise mention *Garibaldi I*.  On April 23, 2003, the Supreme Court granted a writ of certiorari in *Dunleavy* and summarily reversed the decision by the Third Circuit and remanded for further consideration in light of *Chandler*.[12]

On May 12, 2003, the relators in the present case filed a Rule

---

[8] 279 F.3d 219 (3d Cir. 2002) (holding that a county is not subject to liability under the FCA).

[9] *United States ex rel. Garibaldi v. Orleans Parish School Bd*., 534 U.S. 1172 (2002).

[10] *Cook County v. United States ex rel Chandler*, 538 U.S. 119 (2003).

[11] *Id.* at 125 n.6.

[12] *United States ex rel. Dunleavy v. County of Delaware*, 538 U.S. 918 (2003).

4

60(b)(6) motion for relief from the final judgment entered by this court. The district court granted the motion and re-entered the plaintiffs' judgment on the verdict against the School Board. Specifically, the district court concluded that the change in decisional law effected by the Supreme Court's decision in *Chandler* created extraordinary circumstances justifying relief from this court's judgment under Rule 60(b)(6) because, among other reasons, our decision in *Garibaldi I* was an "integral part" of the Supreme Court's decision-making process. The School Board timely appealed.

## Discussion

We must decide whether the Supreme Court's decision in *Chandler* combined with the facts of this case gave rise to "extraordinary circumstances" warranting the district court's exercise of its discretion under Rule 60(b)(6) to grant relief from our final judgment in *Garibaldi I*.[13] Rule 60(b)(6) authorizes a court to relieve a party from a final judgment for "any...reason justifying relief" other than a ground covered by clauses (b)(1) through (b)(5) of the rule.[14] Relief under this section, however, is appropriate only in an "extraordinary situation"[15] or "if

---

[13] *Picco v. Global Marine Drilling Co.*, 900 F.3d 846, 849 (5th Cir. 1990)(citing *Seven Elves, Inc. v. Eskenzai*, 635 F.2d 396, 402 (5th Cir. 1981).

[14] *Hess v. Cockrell,* 281 F.3d 212, 215-16 (5th Cir. 2002).

[15] *Klapprott v. United States*, 335 U.S. 601, 613 (1949).

5

extraordinary circumstances are present."[16] Moreover, "[a] change in decisional law after entry of judgment does not constitute exceptional circumstances and is not alone grounds for relief from a final judgment."[17]

In the present case, however, the district court concluded that "extraordinary circumstances" were created when the Supreme Court, in *Chandler*, held that local governments are "persons" amenable to qui tam actions under the FCA. As the district court noted, *Chandler* did more than simply announce new governing decisional law after *Garibaldi I's* finality. The Supreme Court, in affirming the decision of the Seventh Circuit, expressly stated that the Seventh Circuit's holding conflicted with *Garibaldi I* and the Third Circuit's decision in *Dunleavy*.[18] Thus, the district court reasoned, "[b]ut for *Garibaldi [I]*, there would not have been the two to one split" giving rise to the *Chandler* "grant of writs," and "the fact that these three cases were all under consideration at substantially the same time...played a role" as "an integral

---

[16] *Batts v. Tow -Motor Forklift Co.*, 66 F.3d 743, 747-48 (5th Cir. 1995)(quoting *Bailey v. Ryan Stevedoring Co.*, 894 F.2d 157, 160 (5th Cir. 1990)).

[17] *Bailey*, 894 F.2d at 160.

[18] *United States ex rel Garibaldi v. Orleans Parish School Board*, 2003 WL 22174241 *6, n.1 (E.D. La. 2003) (citing *Chandler*, 538 U.S. at 125 n. 6)

part" in the "[Supreme Court's] decision making process."[19] Consequently, the district court decided, this case falls within the "extraordinary circumstances" recognized by this circuit in *Batts v. Tow -Motor Forklift Co.*,[20] as justifying Rule 60(b)(6) relief when "a subsequent court decision is closely related to the case in question, such as where the Supreme Court resolves a conflict between another circuit ruling and that case occurs."[21]

The present case is not atypical of the many instances in which the Supreme Court has granted certiorari and rendered a decision resolving a circuit split. Undoubtedly a large percentage of them involve most of the elements upon which the district court relied to characterize the *Chandler* decision's impact on *Garibaldi I* as one involving "extraordinary circumstances." After almost every resolution of a circuit conflict there is a losing litigant somewhere who could argue similarly for reopening his case because it was decided erroneously in light of the subsequent Supreme Court decision. The differences between such cases in terms of the closeness of the relationship between the decision in the losing litigant's case and the subsequent Supreme Court decision, diligence in filing for relief from judgment, proximate causation

---

[19] Id. at *7.

[20] 66 F.3d 743, 747 (5th Cir. 1995).

[21] *Garibaldi*, 2003 WL 22174241 *5 (quoting *Batts*, 66 F.3d at 748, n. 6).

7

of the circuit conflict and the like would appear to be marginal in the large majority of split resolution situations. For these reasons, we do not think the present case has any features that cause it to be exceptional to such a marked extent from other cases involving resolution of circuit conflicts as to create "extraordinary circumstances" justifying reopening of the judgment.

An examination of the details of the arguments for reopening the judgment, which are based upon language in *Batts*, does not persuade us either. The statement in *Batts* that relief from judgment may be appropriate where the subsequent decision is closely related to the judgment from which relief is sought, "such as where the Supreme Court resolves a conflict between another circuit ruling and that case",[22] was dicta unnecessary to the *Batts* holding and so removed from its core that it may not have received the considered judgment of the whole court.[23] Furthermore, *Batts* cited the Eleventh Circuit's decision in *Ritter v. Smith*,[24] a case that, even if we were to assume or agree presented "extraordinary circumstances" under Rule 60(b)(6), is clearly distinguishable and does not persuade us that an exceptional situation prevails here.

---

[22] *Batts*, 66 F.3d at 748, n. 6 (citing *Ritter v. Smith*, 811 F.2d at 1402-03).

[23] See *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002); cf. *Sarnoff v. American Home Products Corp.*, 798 F.2d 1075, 1084 (7th Cir. 1986).

[24] 811 F.2d 1398 (11th Cir. 1987).

8

In *Ritter*, the Supreme Court's decision in another case overruled the Eleventh Circuit's prior holding that the Alabama capital sentencing procedure was unconstitutional. The Eleventh Circuit in *Ritter* concluded that several additional factors in the case made the circumstances sufficiently extraordinary to warrant granting the State of Alabama relief under Rule 60(b)(6) from the Circuit's erroneous prior ruling of unconstitutionality and grant of habeas effectively requiring a new capital sentence hearing. The additional factors found by the court were: the circuit's previous erroneous judgment had not been executed, so that the greater concomitant interest in the finality of an executed judgment was not involved; the invalidation of the state's capital sentencing procedure and requirement of a new sentencing hearing, which had not yet occurred, had prospective effects analogous to those of consent decrees and permanent injunctions that courts generally recognize may be modified in the light of subsequent decisional law changes; there was minimal delay between the finality of the judgment and the motion for Rule 60(b)(6) relief; the Supreme Court's supervening decision, *Baldwin v. Alabama*,[25] was rendered expressly to resolve a conflict between it and the earlier circuit decision in *Ritter*; the situation presented was analogous to that in which two cases are related, not because the Supreme Court's decision was rendered to resolve a conflict between them

---

[25] 472 U.S. 372 (1985).

9

but because they arose out of the same factual transaction; and there were considerations of comity which argued for relieving the state from the federal declaration of unconstitutionality and writ of habeas corpus that upset the finality of a state court's judgment.[26]

Almost none of the "additional factors" in *Ritter* is present here. The considerations of comity for state laws and judicial decisions are not present in this federal question case. Because of *Donleavy's* conflict with *Chandler*, *Girabaldi I* was not essential to the circuit split, the grant of certiorari, or the Supreme Court's resolutory *Chandler* decision. *Girabaldi I*'s final judgment is not apt to have prospective effects analogous to those of an executory constitutional ruling affecting a state's capital sentencing procedures, a consent decree, or a permanent injunction. By the same token, *Garibaldi I*'s final judgment effectively rejecting the plaintiffs' claims with prejudice is more analogous to a fully executed judgment than to Ritter's "unexecuted" judgment;[27] and *Garibaldi I* does not arise from the same factual transaction as

---

[26] *Ritter*, 811 F.2d at 1401-03.

[27] Generally speaking, final civil judgments having the effect of res judicata, even if un-executed, are not voided or affected by a subsequent change in the decisional law on which they were based. *See James Beam Distilling Company v. Georgia*, 501 U.S. 529, (1990)("Of course, retroactivity in civil cases must be limited by the need for finality . . . once suit is barred by res judicata or by statutes of limitation or repose, a new rule cannot reopen the door already closed.")

*Chandler*'s FCA suit against Cook County, Illinois. The single factor that *Girabldi I* and *Ritter* have in common, minimal delay between finality and motion for relief, denotes the absence of a disqualifying factor rather than the presence of an affirmative one----and is not truly distinctive but may be present in many cases which do not call for Rule 60(b)(6) relief because extraordinary circumstances are not present.

Moreover, an extraordinary situation justifying relief from judgment is not created every time the Supreme Court lists a case as one that merely contributed to a split between circuits. This factor should not be dispositive of a Rule 60(b)(6) motion and was not, in fact, dispositive in *Ritter*. It is not extraordinary for the Supreme Court to deny certiorari in a court of appeals case that it ultimately overrules in the review of a later similar case.[28]

As this court stated in *Seven Elves Incorporated*,[29] "the discretion of the district court is not unbounded, and must be exercised in light of the balance that is struck by Rule 60(b)(6)

---

[28] See, e.g., *Missouri v. Siebert*, 124 S. Ct. 2601 (2004)(overturning, among others, the Ninth circuit's decision in *United States v. Orso*, 266 F.3d 1030(9th Cir. 2001) less than two years after denying a petition for certiorari in that case, *United States v. Orso*, 537 U.S. 828 (2002)); *Garcia v. United States*, 469 U.S. 70 (1984)(overruling, in effect, *United States v. Rivera*, 513 F. 2d 519 (2d Cir.), cert. denied, 423 U.S. 948 (1975)).

[29] 635 F.2d 396, 402 (5th Cir. 1981).

11

between the desideratum of finality and the demands of justice." We conclude that the great desirability of preserving the principle of finality of judgments preponderates heavily over any claim of injustice in this case. Disturbing the sanctity of the final judgment in this case would implicate the doctrine of res judicata in many other cases in which litigants may seek to reap the benefit of a change in decisional law after the judgments against them have become final. The claim of injustice by plaintiffs is undermined by the fact that they have been treated equally with other litigants whose judgments became final shortly prior to a change in decisional law that would have benefitted them had it occurred while their cases were still open on direct review. No two cases are truly identical; however, we see no distinguishing features that make this case so exceptional as to say that it involves "extraordinary circumstances" calling for Rule 60(b)(6) relief.

For these reasons, we conclude that: the circumstances of this case do not justify the district court's use of its discretion to grant relief under Rule 60(b)(6); the district court's judgment is reversed; and the judgment of this court in *Girabaldi I* is reinstated.

It Is So Ordered.

* * *

1