**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 21, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40297
Conference Calendar

DON WHATLEY,

Plaintiff-Appellant,

versus

WAYNE SCOTT; R. THALER, Warden; DAVID QUINN, Captain;
LAPOINTE, Captain; D. ALLEN, Officer; BILLY JOE TAYLOR,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:95-CV-778
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Don Whatley, Texas prisoner # 623150, appeals the denial of
his "Motion for Relief from Judgment or Order" pursuant to FED R.
CIV. P. 60(b) relating to the dismissal of his action under 42
U.S.C. § 1983.  He contends that the Supreme Court's decision in
Muhammad v. Close, 540 U.S. 749 (2004), constitutes intervening
authority that renders improper the dismissal of his § 1983
complaint as barred by Heck v. Humphrey, 512 U.S. 477 (1994).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

A change in decisional law, standing alone, does not constitute "extraordinary circumstances" for purposes of obtaining relief under Rule 60(b)(6).  See United States ex rel. Garibaldi v. Orleans Parish Sch. Bd., 397 F.3d 334, 337-40 (5th Cir.), cert. denied, 534 U.S. 1078 (2005); Hess v. Cockrell, 281 F.3d 212, 216 (5th Cir. 2002); Batts v. Tow-Motor Forklift Co., 66 F.3d 743, 747-48 (5th Cir. 1995); Bailey v. Ryan Stevedoring Co., 894 F.2d 157, 160 (5th Cir. 1990).  Accordingly, even if Muhammad constitutes a change in decisional law applicable to Whatley's case, Whatley's argument fails.

Whatley does not demonstrate that the district court abused its discretion in denying his Rule 60(b) motion.  See Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. 1981). The judgment of the district court is therefore AFFIRMED.