IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 13, 2007

Charles R. Fulbruge III
Clerk

No. 06-20749
Summary Calendar

YVETTE F DANIEL

Plaintiff-Appellant

V.

HOECHST MARION ROUSSEL, doing business as Aventis
Pharmaceuticals, also known as Sanofi-Aventis;
STEPHANIE DUNGEY; GARY PAUL;
WALLACE KITCHENS, JR.

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
(06-CV-918)

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Yvette Daniel sued defendants alleging they violated her civil rights by retaliating against her for previously pursuing a civil rights complaint. After the district court dismissed her claim, Daniel filed a "motion for reconsideration," which the district court denied. Although Daniel appealed both the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's final judgment and its denial of her motion, we are concerned now only with the district court's denial of her motion for reconsideration. We affirm.

I

According to Daniel, she worked for defendant Hoecht Marion Roussel (HMR) until 1999.[1] Thereafter, she complained to the EEOC of race and sex discrimination by HMR, and in 2001, filed a civil rights complaint against HMR, which the district court dismissed on summary judgment.

Daniel eventually became concerned as to how HMR was relaying her employment history to potential employers. Therefore, she had Donald Branda, a private investigator, call HMR to verify the dates of her employment in 2004. Daniel alleges that the HMR employee with whom Branda spoke gave incorrect dates for her terms of employment and cast aspersions upon her. She also alleged that Biovail Corporation, an "affiliate" of HMR, conspired with HMR by conditioning a potential job on her signing a waiver of liability.

In March 2006, Daniel sued defendants alleging civil rights violations under Title VII of the Civil Rights Act of 1964 as amended. She alleged that HMR's providing inaccurate information about her employment history, and its conspiracy with Biovail, were in retaliation for pursuing her earlier civil rights case. The district court dismissed her suit for failing to state a claim upon which relief could be granted, because, under circuit precedent, Daniel had to "show that [HMR] denied her an opportunity because of her previous complaint and that their actions prevented her from getting another job." Because Branda's phone call was not related to an actual job opportunity, the court concluded that Daniel could not meet her burden. The court also explained that the comments allegedly made by the HMR employee to Branda were not discriminatory, the

---

[1] The parties dispute numerous aspects of the facts giving rise to this lawsuit; we assume – without deciding – that Daniel's factual allegations are true.

individual defendants were not subject to liability because they were not her employers, and that Biovail and HMR are not generally affiliated entities.

The district court entered final judgment on June 21, 2006. The next day the Supreme Court decided Burlington Northern & Santa Fe Railway Co. v. White,[2] which adopted a different standard for "adverse employment action" than was then being used in the Fifth Circuit. On July 11, Daniel filed a motion for reconsideration pursuant to "any and all applicable federal rules [including Rule 60(b)]," arguing that the district court did not have the benefit of Burlington Northern when it dismissed her claim and that the district court either misunderstood or ignored evidence that she presented. The district court denied her motion without explanation on July 19.

Daniel filed a notice of appeal on August 11, appealing both the district court's final judgment and its denial of her motion for reconsideration. A previous panel of this court dismissed Daniel's appeal of the final judgment because she failed to timely appeal it;[3] Daniel did timely appeal the court's ruling on her motion for reconsideration.

II

This appeal concerns only the denial of Daniel's motion for reconsideration. Because Daniel filed the motion more than ten days after the entry of judgment, it is deemed a Rule 60(b) motion.[4] It is unclear under which provision of Rule 60(b) Daniel believes she is entitled relief; however, liberally construing her motion and brief, we perceive enough of an argument that we cannot say she abandoned her claims.

---

[2] 126 S. Ct. 2405 (2006).

[3] See Daniel v. Hoechst Marion Roussel et al., No. 06-20749 (5th Cir. Feb. 23, 2007) (per curiam order).

[4] See Shepard v. Int'l Paper Co., 372 F.3d 326, 327 n.1 (5th Cir. 2004); Harcon Barge Co. v. D & G Boat Rentals, Inc., 784 F.2d 665, 667 (5th Cir. 1986) (en banc).

We review the denial of a Rule 60(b) motion for abuse of discretion.[5] "By its very nature, the rule seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'"[6] This, though, "is not to say that final judgments should be lightly reopened. The desirability of order and predictability in the judicial process calls for the exercise of caution in such matters."[7]

As to her evidentiary arguments, the district court did not abuse its discretion in denying her motion. The district court's decision turned not on a decision as to which of the factual scenarios were true, but only on the grounds that the allegedly discriminatory acts of defendants could not support a legally viable claim. The court properly assumed all relevant facts to be true, and the court did not err by explaining some of the factual allegations defendants contested. To the extent Daniel alleges newly discovered evidence under Rule 60(b)(2), that provision is not applicable because the evidence could have been timely discovered or was already alleged.[8] And, to the extent Daniel argues that defendants' recitation of the evidence was inaccurate and thus fraud upon the court,[9] that is not fraud but only a factual dispute.

Nor can we say that the district court abused its discretion in declining to revisit the judgment in light of Burlington Northern. The only provision of Rule

---

[5] Patterson v. Mobil Oil Corp., 335 F.3d 476, 486 (5th Cir. 2003).

[6] Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 401 (5th Cir. 1981) (quoting Bankers Mortgage Co. v. United States, 423 F.2d 73, 77 (5th Cir. 1970)).

[7] Id.

[8] See Fed. R. Civ. P. 60(b)(2) ("newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)").

[9] See Fed. R. Civ. P. 60(b)(3) ("fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party").

60(b) relevant to this claim is subsection (6), which allows relief for "any other reason justifying relief from the operation of the judgment." "Relief under this section, however, is appropriate only in an 'extraordinary situation' or 'if extraordinary circumstances are present.' Moreover, '[a] change in decisional law after entry of judgment does not constitute exceptional circumstances and is not alone grounds for relief from a final judgment.'"[10]

Other than the change in decisional law, the only circumstance to foot a claim for Rule 60(b)(6) relief upon is Daniel's promptness in filing her motion. While diligence is a factor in analyzing Rule 60(b)(6) requests,[11] it is not enough here to overcome the general rule that changes in decisional law are not exceptional circumstances. In Garibaldi, the district court granted Rule 60(b)(6) relief in similar circumstances – a judgment was entered and the Supreme Court subsequently changed the applicable decisional law;[12] in other words, the district court there did what Daniel asked the district court here to do. In fact, in Garibaldi, the judgment from which Rule 60(b) relief was being sought gave rise to an opinion from this court that helped to create the circuit split that justified the certiorari review that led to the change in decisional law.[13] Yet we reversed, concluding that the district court abused its discretion because those were not extraordinary circumstances.[14] A fortiori, the district court here did not abuse its discretion in denying Daniel's motion.

AFFIRMED.

---

[10] United States ex rel. Garibaldi v. Orleans Parish Sch. Bd., 397 F.3d 334, 337 (5th Cir. 2005) (quoting Klapprott v. United States, 335 U.S. 601, 613 (1949) and Batts v. Tow-Motor Forklift Co., 66 F.3d 743, 747-48 (5th Cir. 1995)).

[11] Id. at 339.

[12] Id. at 336-37.

[13] Id. at 336.

[14] Id. at 339-40.