IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 21, 2008

Charles R. Fulbruge III
Clerk

No. 07-40562
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

WILLIAM BRADLEY BURRELL

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:05-CV-00734

Before JOLLY, PRADO and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

William Bradley Burrell alleges that the compensation he was awarded for the government's taking of a perpetual non-exclusive access easement across his property was inadequate. The only issue properly before us is whether the Magistrate Judge[1] abused his discretion in failing to grant relief from his initial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] This case was tried before a Magistrate Judge by consent of the parties pursuant to Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). Appeals from such judgments receive the same review as do appeals from district court judgments. See Fed. R. Civ. P. 73(c).

award of compensation. We find no error in the denial of reconsideration and therefore affirm the judgment.

The United States sought to take a perpetual road and utility easement across a tract of land owned by Burrell. The government wanted to use a road already on Burrell's property to access a valve site of the Strategic Petroleum Reserve. The government filed a complaint in condemnation with the district court and placed what it estimated to be just compensation in the court registry. The parties consented to the Magistrate Judge's conducting a bench trial to determine just compensation. After the trial, the Magistrate awarded Burrell $3,500 and interest. Final judgment was dated March 27, 2007.

On April 12, 2007, Burrell filed a motion for reconsideration. Burrell contended that the Magistrate misapprehended the manner in which the road in question was being utilized prior to condemnation, which led the court to err when calculating compensation. The Magistrate denied reconsideration on May 21, 2007, and this appeal was timely taken from that order.

Our first determination must be whether the underlying judgment is properly before us or instead whether only the denial of reconsideration is subject to our review. A motion to alter a judgment under Rule 59(e) or for relief from judgment under Rule 60(b) that is filed within ten days of the judgment will toll the time for filing an appeal. Fed. R. Civ. P. 59(e) & 60(b); Fed. R. App. P. 4(a)(4)(A) (v) & (vi). When that ten-day deadline is met, no notice of appeal need be filed until after a ruling on the motion. Fed. R. App. P. 4(a)(4).

Burrell's motion was not filed within ten days of the March 27, 2007, judgment. Therefore, the time for appeal from that judgment was not tolled while the Magistrate was reviewing Burrell's motion for reconsideration. See Fed. R. App. P. 4(a)(4)(A). Burrell's notice of appeal was filed on June 4, 2007, which was more than sixty days after the March 27, 2007, order. See Fed. R. App. P. 4(a)(1)(B) (appeal within sixty days from judgment when United States

2

is a party). In civil cases, a timely notice of appeal is mandatory and jurisdictional. See Bowles v. Russell, 127 S. Ct. 2360, 2363, 2366 (2007). Accordingly, this Court lacks jurisdiction to review the merits of the March 27, 2007, final judgment. See Bowles, 127 S. Ct. at 2366. The portion of Burrell's notice of appeal that challenges the March judgment, and for that matter, also challenges two earlier orders, is dismissed.

Because Burrell's motion was not filed within ten days of the judgment, it is not properly understood to be a Rule 59 motion to alter or amend a judgment. It may properly be recast as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). Such a motion needs to be filed only within a reasonable time after the judgment. Fed. R. Civ. P. 60(c). We consider Burrell's motion as one properly made pursuant to 60(b). See Texas A&M Research Found. v. Magna Transp., Inc., 338 F.3d 394, 400 (5th Cir. 2003) (motion to reconsider classified according to number of days that passed after the entry of judgment prior to filing of motion).

Burrell's appeal was timely filed after the denial of reconsideration.

There are more than similar words, or perhaps more precisely, neighboring numbers, involved in determining whether the motion, when denied, was pursuant to Rule 59(e) or Rule 60(b). Our review of the denial of a Rule 60(b) motion for relief from judgment only examines whether the trial court abused its discretion in refusing to grant relief, not whether the original judgment had reversible error. See Warfield v. Byron, 436 F.3d 551, 555 (5th Cir. 2006).

As Burrell's Rule 60(b) motion did not raise any of the grounds for relief listed in Rule 60(b)(1)-(5), the only potential basis for reversal would be if Burrell had presented "any other reason" justifying relief under the catch-all provision of the Rule. Fed. R. Civ. P. 60(b)(6). Granting a Rule 60(b) motion is only appropriate if "extraordinary circumstances are present." United States ex rel. Giribaldi v. Orleans Parish Sch. Bd., 397 F.3d 334, 337 (5th Cir. 2005). The

availability of relief under the section is "narrowly circumscribed." See Batts v. Tow-Motor Forklift Co., 66 F.3d 743, 747 (5th Cir. 1995). A court must consider the motion in light of the desirability of preserving the finality of judgments. See Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. 1981).

In this Rule 60(b) motion, Burrell argued that the Magistrate's conclusion about the existing use of the tract of land the United States sought to take was incorrect in light of the evidence. There were no extraordinary circumstances shown to the Magistrate that required him to alter his analysis of that evidence. Consequently, there was no abuse of discretion when Burrell's motion for reconsideration was denied.

The appeal from the March 27, 2007, order is DISMISSED, and the judgment of May 21, 2007, is AFFIRMED.