**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-6975**

JEFFREY COLEMAN,

                Plaintiff - Appellant,

        v.

JOHN JABE; ROBERT BIVENS; HAROLD CLARKE; LOU CEI; VIRGINIA
DEPARTMENT OF CORRECTIONS; UNKNOWN MEMBERS OF THE FAITH
REVIEW COMMITTEE,

                Defendants – Appellees,

        and

T. JONES; STANLEY YOUNG; K. S. RICHARDSON; CATHERINE TURNER;
DAVE HAMMOND; GENE JOHNSON; ROY WALZ; RON HALL; G. ROBINSON;
JOHN GARMAN; S. MEEKS; MAJOR BATTON; D. J. HASTY-MARTIN;
RANDY MYERS; TED DURR; JONES EXPRESS MUSIC; KEEFE
COMMISSARY,

                Defendants.

Appeal from the United States District Court for the Western
District of Virginia, at Roanoke. Michael F. Urbanski, District
Judge. (7:11-cv-00518-SGW-PMS)

Submitted: January 21, 2016          Decided: February 10, 2016

Before WILKINSON, KING, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jeffrey Coleman, Appellant Pro Se.  Richard Carson Vorhis, Senior Assistant Attorney General, Laura Haeberle Cahill, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Coleman appeals the district court's order denying his Fed. R. Civ. P. 60(b)(6) motion. We review the district court's order for abuse of discretion. CNF Constructors, Inc. v. Donohoe Constr. Co., 57 F.3d 395, 401 (4th Cir. 1995) (per curiam). An appeal from the denial of a Rule 60(b) motion does not bring up the merits of the underlying judgment, but only permits review of the motion in light of the requirements for Rule 60(b) relief. MLC Auto., LLC v. Town of S. Pines, 532 F.3d 269, 277 (4th Cir. 2008).

To receive Rule 60(b) relief, the movant must make a threshold showing of timeliness, "a meritorious claim or defense," and lack of unfair prejudice to the opposing party, in addition to one of the grounds for relief enumerated under Rule 60(b). Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011). Rule 60(b)(6) permits relief only when the movant demonstrates "extraordinary circumstances." Id. at 500.

Our review of the record reveals no such extraordinary circumstances. Although Coleman bases his motion on a postjudgment change in decisional law, such changes rarely provide sufficiently extraordinary circumstances to justify relief under Rule 60(b)(6). See Gonzalez v. Crosby, 545 U.S. 524, 536-37 (2005); Stokes v. Williams, 475 F.3d 732, 735-36 (6th Cir. 2007); United States ex rel. Garibaldi v. Orleans

3

Parish Sch. Bd., 397 F.3d 334, 337-38 (5th Cir. 2005); Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993). Although Coleman cites Harper v. Va. Dep't of Taxation, 509 U.S. 86, 97 (1993), and related cases, that line of authority does not compel a different result in the procedural posture presented here.

Moreover, "[a] Rule 60(b) motion may not substitute for a timely appeal." In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992). Coleman's deliberate choice not to prosecute his appeal of the court's underlying judgment by refusing to pay the applicable filing fee deprived him of the opportunity to challenge the district court's determination and, in turn, to raise the change in decisional law on appeal before his judgment became final. See Gonzalez, 545 U.S. at 537; Dowell, 993 F.2d at 48. Coleman may not use Rule 60(b) to avoid the consequences of such a strategic choice, even if hindsight later reveals it to be ill-advised.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4