INTER FINANCING EXCHANGE, S. A., and Mississippi River Grain Elevator, Inc., Plaintiffs-Appellants,

Ferruzzi, S. P. A., Counter Defendant-Appellant,

v.

BARTLETT & COMPANY, GRAIN, Defendant, Counter Plaintiff-Appellee.

No. 80–3766.

United States Court of Appeals, Fifth Circuit.*
Unit A

Oct. 26, 1981.

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

William W. Miles, Metairie, La., for plaintiffs-appellants.

Robert L. Redfearn, Thomas J. Fischer, New Orleans, La., for defendant, counter plaintiff-appellee.

Before INGRAHAM, POLITZ and WILLIAMS, Circuit Judges.

POLITZ, Circuit Judge:

This is a companion suit to *Mississippi River Grain Elevator, Inc. v. Bartlett & Company, Grain,* 659 F.2d 1314, which poses a question of the applicability of Rule 60 (b)(6) of the Federal Rules of Civil Procedure.[1] During the time period pertinent to the litigation involving Mississippi River Grain Elevator, Inc. (MRGE), Inter Financing Exchange, S.A. (IFE), and Bartlett & Company, Grain, Giovanni Rametta was the executive vice-president of MRGE. He was its chief operating officer, responsible for MRGE's contractual arrangements with Bartlett.

Rametta was indicted by a federal grand jury as a consequence of his operation of the MRGE facility. He became a fugitive from justice and concealed his whereabouts from July 13, 1976 until September 12, 1979. At the trial concerning MRGE, IFE, and Bartlett before Judge West, Rametta did not appear. He remained a fugitive while the matter was subsequently considered by the special master following Judge West's death. However, several months prior to the entry of judgment, at a time when the district court held the case under advisement, Rametta's return to the New Orleans area was a subject of public knowledge.

Rule 60(b)(6) authorizes relief from judgment only for "other reasons" than the five preceding, enumerated causes. *See Klapprott v. United States,* 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1947); *Scola v. Boat Frances R., Inc.,* 618 F.2d 147 (1st Cir. 1980); *In re Four Seasons Security Laws Litigation,* 502 F.2d 834 (10th Cir. 1974), cert. denied, 419 U.S. 1034, 95 S.Ct. 516, 42 L.Ed.2d 309 (1975); *Swift Chemical Co. v. Usamex Fertilizers, Inc.,* 490 F.Supp. 1343 (E.D.La.1980). This subsection of the Rule is not a substitute for a motion for a new trial, particularly when it is grounded upon evidence which could have been discovered and timely presented through the exercise of due diligence.

The record reflects that a motion for new trial could have been timely filed until April 21, 1980. Rametta's presence in New Orleans was known to the movants sometime in September of 1979. The record does not indicate any efforts to secure the testimony of Rametta between September 1979 and April 21, 1980. Under these circumstances, we cannot say that the district court abused its discretion when it denied the Rule 60(b)(6) motion filed by defendants in counterclaim. *See Fackelman v. Bell,* 564 F.2d 734 (5th Cir. 1977).

The decision of the district court is AFFIRMED.

---

1. Rule 60(b) provides in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.