# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 1, 2012

No. 11-60593
Summary Calendar

Lyle W. Cayce
Clerk

JACQUELINE WILLIAMS; MR. RENNA FISHER,

Plaintiffs - Appellants

v.

TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH
AMERICA, INCORPORATED,

Defendant - Appellee

DOCTOR JAMES W. O'MARA, Chapter 11 Trustee of Fish & Fisher,
Incorporated,

Trustee - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No: 3:09-CV-179

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 11-60593

Jacqueline Williams and Renna Fisher (together, the "Appellants") appeal the district court's orders (1) dismissing their individual discrimination claims against Toyota Motor Engineering & Manufacturing North America ("TEMA") and (2) denying their subsequent motion seeking reconsideration. We lack jurisdiction to hear the appeal of the dismissal order and affirm the district court's order denying reconsideration.

## FACTS AND PROCEEDINGS

At the time of the events giving rise to this lawsuit, Appellants were principals of Fish & Fisher, Inc. ("F&F"), a Mississippi construction company. Appellants allege that TEMA wrongfully denied F&F the opportunity to bid on a construction contract for an auto manufacturing facility in Blue Springs, Mississippi because Appellants are black. Appellants, on behalf of F&F and individually, filed suit in the district court asserting a variety of claims against TEMA, the State of Mississippi, and multiple Mississippi state officials, including former Governor Haley Barbour. After the district court dismissed all claims against the state defendants, Appellants filed an amended complaint asserting discrimination claims against TEMA under 42 U.S.C. § 1981, which prohibits private actors from impairing minorities' equal rights to "make and enforce contracts."

Shortly after the amended complaint was filed, TEMA moved to dismiss Appellants' individual claims on the pleadings under Federal Rule of Civil Procedure 12(c) as purely derivative of F&F's corporate claims. The district court granted TEMA's motion on September 23, 2010. TEMA then moved to certify the dismissal as a final judgment. Appellants did not file a response to TEMA's motion, and the district court certified the dismissal of Appellants' individual claims as a final judgment on December 21, 2010. On February 4, 2011, 28 days after the entry of that final judgment, Appellants filed an electronic motion seeking reconsideration of the dismissal under Federal Rules of Civil Procedure

2

No. 11-60593

59(e) and 60(b), but the motion lacked the required electronic signature of Appellants' counsel. Three days later, upon being notified of the deficiency, Appellants' counsel resubmitted a properly signed copy of the same motion. TEMA filed a response to Appellants' motion for reconsideration, arguing (1) that the motion was not timely under Rule 59(e) because it was not properly filed until the signed version was submitted to the court on February 7, 31 days after the entry of the final judgment, and (2) that the motion failed to satisfy the demands of either Rule 59(e) or 60(b). Appellants did not file a reply to TEMA's response. The district court agreed that the motion for reconsideration could only be considered filed when it was submitted with the required signature and further concluded that Appellants were not entitled to reconsideration of the already-final dismissal of their individual claims. On August 2, 2011, the district court entered an order denying Appellants' motion for reconsideration. Appellants filed a notice of appeal on August 31, 2011, more than 200 days after the entry of the final judgment dismissing their individual claims and 29 days after the denial of their motion for reconsideration.

## DISCUSSION

Appellants argue that their amended complaint pled sufficient facts to state non-derivative discrimination claims for each of them individually. They also contend that the district court erred in denying their motion seeking reconsideration of the dismissal of their individual claims. TEMA responds by arguing that Appellants' notice of appeal was untimely with regard to the dismissal order and that the reconsideration motion was properly denied.

*1. Standard of Review*

We review dismissals on the pleadings under Rule 12(c) *de novo. See Turbomeca, S.A. v. Era Helicopters LLC*, 536 F.3d 351, 354 (5th Cir. 2008). "The plaintiff must plead 'enough facts to state a claim to relief that is plausible on

No. 11-60593

its face.'" *Guidry v. Am. Pub. Life Ins. Co.* 512 F.3d 177, 180 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

We review the denial of a motion for reconsideration under either Rule 59(e) or 60(b) for abuse of discretion. *See Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998); *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

*2. Timeliness of Appeal*

The timeliness of Appellants' notice of appeal depends upon when their motion for reconsideration was properly filed. Generally, a notice of appeal must be filed within 30 days after the entry of the judgment or order being appealed. Rule 4(a)(4), however, provides that certain post-judgment motions extend the time for filing a notice of appeal until 30 days after the order disposing of such post-judgment motion. A timely Rule 59 motion or a Rule 60 motion filed within 30 days of a final judgment will extend the window for filing a notice of appeal. Appellants' motion seeking reconsideration invoked both Rule 59 and 60. Appellants filed a notice of appeal on August 31, 2011, within 30 days of the order denying their motion for reconsideration but several months after the underlying final judgment dismissing their individual claims. The timeliness of Appellants' notice of appeal therefore depends on when their motion for reconsideration is considered filed. If, as the district court determined, it was not filed until it was submitted with a signature on February 7, 31 days after the entry of the final judgment, then the window for appealing the underlying order and judgment had already expired.

Appellants argue that the district court erred in determining that their motion for reconsideration should be considered filed only as of the date on which the signed copy was submitted to the court. They contend that a filing lacking a signature is considered filed on the day of its original submission because the deficiency was promptly corrected. TEMA is correct, however, that

Appellants forfeited this argument by failing to raise it in the district court. Appellants could have raised this argument in a reply to TEMA's response to the motion for reconsideration, but neglected to do so. We will not disturb the district court's determination that the motion for reconsideration was filed on February 7, 2010, the 31st day after the entry of final judgment. The window for filing a notice of appeal therefore ran from the entry of the judgment rather than from the order denying Appellants' motion for reconsideration, and Appellants' notice of appeal was untimely with respect to the district court's final judgment dismissing their individual claims. Because the 30-day time limit of Rule 4(a) is "mandatory and jurisdictional," we may not review that underlying judgment. *See Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 264 (1978). Only the district court's denial of Appellants' motion for reconsideration is properly before us.

*3. Denial of Motion for Reconsideration*

The district court did not abuse its discretion in denying Appellants' motion for reconsideration. Because Appellants have forfeited their arguments that their motion was timely under Rule 59, our review is limited to whether the district court abused its discretion in denying the motion under Rule 60. Appellants' motion for reconsideration first raised arguments concerning why the dismissal order should not have been certified as a final judgment. These arguments should have been made in response to TEMA's motion to certify, but Appellants failed to even file such a response. Motions to reconsider "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003).

Appellants' motion for reconsideration also raised new legal theories and asserted new state law causes of action. But these are not proper uses of a Rule 60(b) motion. *See Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) ("[Motions for reconsideration] cannot be used to argue a case under a new legal

No. 11-60593

theory."). Finally, the motion for reconsideration failed to raise a persuasive reason that the underlying dismissal order was improper. The allegations of the amended complaint make it clear that Appellants' individual claims were purely derivative of F&F's claim. On the face of the complaint, it is not plausible that either Appellant attempted, or had the capability, to enter into a construction contract with TEMA in his or her individual capacity rather than through their construction company F&F. Appellants assert that they would have been third-party beneficiaries under the proposed construction contract, but they have never made any plausible explanation—at the pleading stage or otherwise—of the rights they allegedly would have enjoyed. Under well established precedent, Appellants' individual claims were properly dismissed. *See Bellows v. Amoco Oil Co.*, 118 F.3d 268, 277 (5th Cir. 1997).

## CONCLUSION

For the reasons given above, Appellants' appeal of the district court's dismissal order is dismissed as untimely and the district court's denial of Appellants' motion seeking reconsideration is affirmed.