## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 22, 2013

Lyle W. Cayce
Clerk

No. 12-30749
Summary Calendar

BEVERLY A. BORNE,

Plaintiff–Appellant,

v.

RIVER PARISHES HOSPITAL, L.L.C.,

Defendant–Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:10-CV-2104

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Beverly Borne (Borne) appeals the district court's denial of her motions for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. We affirm.

**I**

This appeal stems from Borne's attempt to revive employment discrimination claims that the district court dismissed as barred by the statute

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30749

of limitations. Borne alleges that the appellee, River Parishes Hospital, L.L.C. (River Parishes), subjected her to a pattern of discrimination in hiring and promotion practices during her fifteen years of employment. After pursuing her claims through the Equal Employment Opportunity Commission's administrative process, Borne received a Notice of Right to Sue mailed on April 27, 2010, giving her 90 days from receipt to file a lawsuit against River Parishes.[1]  On July 27, 2010, Borne filed a complaint in the district court asserting various employment discrimination claims against River Parishes. Borne then had 120 days to provide River Parishes with service of process, during which time the 90-day limitations period was tolled.[2]

At the time she filed suit, Borne did not provide a summons for issuance by the clerk for service on River Parishes.  In an internal docket entry made on the following day and labeled "Court only," the district court clerk noted, "Summons not provided by atty, do not prepare sms."  No further activity occurred in the case until the district court issued an order over two months later requiring Borne to appear and show cause why she had not served the defendants, to which Borne did not respond.  The court ordered Borne to appear twice more without a response until Borne finally served River Parishes and notified the court on January 11, 2011, some 168 days after filing her original complaint.

River Parishes immediately moved to dismiss Borne's complaint on several grounds, including that the statute of limitations had expired before Borne had served process.  In response, Borne asserted that the district court clerk had refused to issue a summons until her attorney, Peggy M. H. Robinson (Robinson), paid an outstanding $15 administrative fine from an unrelated

---

[1] 42 U.S.C § 2000e-5(f)(1).

[2] *See* FED. R. CIV. P. 4(m).

matter, effectively preventing Borne from serving River Parishes within the 120-day window. As a result, Borne argued, the limitations period should have been equitably tolled. The court found no basis for equitable tolling and dismissed all of Borne's claims as barred by the 90-day limitations period.[3] One week after the judgment, Borne filed a motion for relief from judgment under Rule 60(b), but the district court found the motion deficient and ordered it stricken when Borne failed to correct the deficiency. Borne did not appeal the judgment or take any other action for fourteen months.

On April 30, 2012, Borne filed a new Rule 60(b) motion with the district court in an attempt to revive her lawsuit, reasserting that the delay in serving process on River Parishes was the result of the clerk's refusal to issue a summons. On May 29, 2012, Borne filed a second Rule 60(b) motion that included four exhibits as evidence in support of her claim: a document purporting to be a record of the clerk's refusal to issue a summons; a letter from the clerk's office to Robinson dated September 27, 2010, advising Robinson that she "ha[d] been suspended from practice in [the district court] for failure to pay $15.00 fee;" and affidavits by Borne and Robinson's legal investigator, Emmett Spooner (Spooner). In his affidavit, Spooner asserted that sometime in September 2010, he attempted to obtain a summons, and the district court clerk refused to process any documents until Robinson paid her outstanding administrative fee. In her own affidavit, Borne attested that the clerk had sent Robinson letters "about not allowing [Robinson] to proceed with [Borne's] law suit until the unfinished business was taken care of" and that Robinson had "sent her law clerk to file[] and process (3) sets of Civil Summons," which the clerk refused to process "because of the conflict the [clerk] had with [Robinson]."

---

[3] *See* 42 U.S.C. § 2000e-5(f)(1).

No. 12-30749

On June 14, 2012, the district court denied both motions, holding that "[a]ll of the factual and legal arguments raised by [Borne] in her two motions . . . were considered and rejected by the [district court] when it granted [River Parishes'] motion to dismiss." This appeal followed.

## II

Rule 60(b) grants a district court the power to relieve a party from a final judgment when warranted.[4] "[T]he rule seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'"[5] However, a motion under Rule 60(b) is not a substitute for a timely appeal, and it is an improper vehicle for challenging mistakes of law or reasserting arguments on the merits of a claim.[6]

We generally review a denial of a Rule 60(b) motion for abuse of discretion.[7] Although Rule 60(b) "should be liberally construed in order to do substantial justice," the decision to grant relief is left to the sound discretion of the district court.[8] "It is not enough that the granting of relief might have been

---

[4] FED. R. CIV. P. 60(b); *see Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. Unit A 1981) ("The purpose of Rule 60(b) is to delineate the circumstances under which relief may be obtained from the operation of final judgments, whether they are entered by default or otherwise." (citation omitted)).

[5] *Seven Elves*, 635 F.2d at 401 (quoting *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970)).

[6] *See Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985) ("Rule 60(b) may not be used to provide an avenue for challenges of mistakes of law that should ordinarily be raised by timely appeal." (citing *Travelers Indem. Co. v. United States* (*In re Ta Chi Navigation (Panama) Corp.*), 728 F.2d 699, 703 (5th Cir. 1984))); *cf. Inter Fin. Exch., S.A. v. Bartlett & Co., Grain*, 659 F.2d 1320, 1321 (5th Cir. Unit A 1981) ("[Rule 60(b)(6)] is not a substitute for a motion for a new trial, particularly when it is grounded upon evidence which could have been discovered and timely presented through the exercise of due diligence.").

[7] *Warfield v. Byron*, 436 F.3d 551, 555 (5th Cir. 2006).

[8] *Seven Elves*, 635 F.2d at 401, 402.

permissible, or even warranted—denial must have been so *unwarranted* as to constitute an abuse of discretion."[9]

## A

Borne first argues that she is entitled to relief under Rule 60(b)(4) because the judgment dismissing her lawsuit is void. Unlike other Rule 60(b) provisions, relief under Rule 60(b)(4) is not discretionary; if the judgment is void, the district court must necessarily set the judgment aside.[10] As a result, we review a denial of a 60(b)(4) motion de novo.[11] "[A] void judgment is one which, from its inception, was a complete nullity and without legal effect."[12] In general, a judgment is void if the rendering court lacked subject matter or personal jurisdiction, or "acted in a manner inconsistent with due process."[13]

Borne argues that the district court acted in a manner inconsistent with due process by refusing to issue a summons until Robinson paid the administrative fee and by failing to notify Borne directly that Robinson was suspended from practicing in that court. These arguments are unpersuasive.

First, Borne has failed to demonstrate that either she or Robinson was actually prevented from serving process on River Parishes. Although Borne repeatedly alleges that Robinson was prohibited from doing so by the district court clerk, there is no evidence that Robinson's outstanding administrative fee prevented Borne from serving River Parishes. The docket notation that Borne

[9] *Williams v. Brown & Root, Inc.*, 828 F.2d 325, 328 (5th Cir. 1987) (quoting *Seven Elves*, 635 F.2d at 402) (internal quotation marks omitted).

[10] *Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998).

[11] *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F3d 204, 208 (5th Cir. 2003) (citing *Carter*, 136 F.3d at 1005).

[12] *Carter*, 136 F.3d at 1006 (quoting *United States v. Zima*, 766 F.2d 1153, 1159 (7th Cir. 1985)) (internal quotation marks omitted).

[13] *Id.* (quoting *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996)) (internal quotation marks omitted).

relies on appears to indicate that the clerk did not issue a summons because Robinson failed to provide one as required, not because of any outstanding administrative matter.[14]  In the original dismissal of Borne's claims, the district court noted that "this docket entry is not an order . . . that precluded service and summons on [River Parishes], and the Clerk of Court does not withhold summons simply because a counsel for a plaintiff is suspended from practicing . . . on an administrative technicality."  Nor is there any evidence of a connection between Robinson's ultimate payment of the administrative fee and the issuance of the summons.  Furthermore, Borne fails to explain why she apparently took no action until almost two months after the 120-day service period had passed.  Spooner's affidavit indicates that Robinson was aware of the outstanding administrative matter no later than September 2010, more than a month before the deadline for service of process.  Robinson had ample time to pay the administrative fee, and Borne offers no explanation for her failure to do so.  Nor did Borne petition the district court for an extension or take any other action in response to the alleged barrier.

Second, we reject Borne's claim that the district court's failure to inform her directly of Robinson's outstanding administrative fee is inconsistent with due process.  In civil cases, due process is limited essentially to the right to "proper notice and service of process and a court of competent jurisdiction."[15]  "[P]rocedural irregularities during the course of a civil case, even serious ones, will not subject the judgment to collateral attack."[16]  Accordingly, we have held

---

[14] *See* FED. R. CIV. P. 4(b) ("On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal.  If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant.").

[15] *Callon Petroleum*, 351 F.3d at 210 (citing *N.Y. Life*, 84 F.3d at 143).

[16] *N.Y. Life*, 84 F.3d at 143 (quoting *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1027 (5th Cir. 1982)) (internal quotation marks omitted).

that relief under Rule 60(b)(4) is warranted only in very limited circumstances, such as when a district court grants summary judgment without providing notice of the proceeding or filings to the defendant.[17]

The two cases upon which Borne relies are unpersuasive. In *Chef Menteur Land Co. v. Sandrock*,[18] a Louisiana Court of Appeal held that, when a party's lawyer attempts to withdraw, due process requires the trial court either to provide notice of the trial setting to the party directly or to confirm with the withdrawing attorney that the represented party has been notified in writing of the setting.[19] In *Willis v. Newsome*,[20] the U.S. Court of Appeals for the Eleventh Circuit remanded an apparently untimely appeal to the district court to determine whether the petitioner had relied in good faith on the clerk's erroneous representation that the timeliness of the appeal would be based on the postmark date.[21] Neither case stands for the proposition that a district court is responsible for directly notifying a represented party of her attorney's administrative status. Furthermore, whatever their merits, these two cases are inapposite. Neither set of facts is analogous to the present case, and neither case arose in the context of Rule 60(b).[22]

Nor do we find any merit in Borne's assertion that she was "effectively unrepresented" due to Robinson's alleged inability to practice before the district court. To the contrary, the record demonstrates that Borne was at all times

---

[17] *Id.*

[18] 11-0497 (La. App. 4 Cir. 10/19/11); 78 So. 3d 146.

[19] *Chef Menteur* at p. 9; 78 So. 3d at 151.

[20] 747 F.2d 605 (11th Cir. 1984) (per curiam).

[21] *Newsome*, 747 F.2d at 607.

[22] *Cf. Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985) ("[O]ur review of denial of Rule 60(b) relief [must] be meaningfully narrower than . . . our review on direct appeal of the underlying order from which relief was sought by the Rule 60(b) motion.").

represented by Robinson and continues to be represented by her in this appeal. Robinson had actual notice of the existence of the outstanding fee well before the time to serve River Parishes expired. That she chose neither to correct the problem herself nor to help her client mitigate its effects may have been a dereliction of her obligations as a lawyer, but it was not a due process violation by the district court.

In short, neither the court's alleged refusal to issue service of process nor its failure to advise Borne that her suit was in jeopardy is inconsistent with due process. Accordingly, we find no merit in Borne's argument that the judgment dismissing her discrimination suit is void, and we affirm the district court's denial of her motion for relief under Rule 60(b)(4).

## B

Borne also argues that she is entitled to relief under Rule 60(b)(6). Rule 60(b)(6) permits a court to grant relief from a judgment when justified by circumstances not addressed by the other five provisions of Rule 60(b).[23] The provision is "a grand reservoir of equitable power to do justice in a particular case."[24] However, the court's discretion under this provision is bound by the purpose of the rule generally and is appropriate only in "unique or unusual circumstances."[25] Accordingly, relief is not warranted for a party's deliberate

---

[23] *See Gulf Coast Bldg. & Supply Co. v. Int'l Bhd. of Elec. Workers, Local No. 480*, 460 F.2d 105, 108 (5th Cir. 1972) ("Where either Clauses (b) (1), (2), (3), (4), or (5) provide coverage for the movant's claim, relief may not be obtained pursuant to Clause (b) (6)." (citing 7 MOORE'S FEDERAL PRACTICE ¶ 60.27[1] (2d ed. 1961))).

[24] *Seven Elves v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. Unit A 1981) (quoting *Menier v. United States*, 405 F.2d 245, 248 (5th Cir. 1968)).

[25] *Williams v. Brown & Root, Inc.*, 828 F.2d 325, 329 (5th Cir. 1987); *see also Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747-48 (5th Cir. 1995) (noting that the availability of relief under Rule 60(b)(6) is "narrowly circumscribed" and that relief "will be granted only if extraordinary circumstances are present" (quoting *Bailey v. Ryan Stevedoring Co.*, 894 F.2d 157, 160 (5th Cir. 1990)) (internal quotation marks omitted)).

choice not to pursue claims or rectify errors in a timely manner.[26] "[A] Rule 60(b) motion may not be used as a substitute for timely appeal."[27]

We have articulated several factors that should guide the district court's consideration of a Rule 60(b) motion:

> (1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether if the judgment was a default or a dismissal in which there was no consideration of the merits the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether if the judgment was rendered after a trial on the merits the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack.[28]

Individually and collectively, these factors weigh against Borne's motion. Borne was not subject to a default judgment, and she had ample opportunity to argue against dismissal before the district court. She chose not to appeal the dismissal directly but instead waited over a year to attack the judgment collaterally. No intervening equities weigh in her favor, and the substantive merit of her argument is dubious. Not even the most liberal construction of Rule 60(b) would counsel in favor of relief.

---

[26] *Ackerman v. United States*, 340 U.S. 193, 198-200 (1950).

[27] *Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1203 (5th Cir. 1993) (per curiam) (collecting cases).

[28] *Seven Elves*, 635 F.2d at 402 (citing *United States v. Gould*, 301 F.2d 353, 355-56 (5th Cir. 1962)).

No. 12-30749

Borne's assertion that our decision in *Seven Elves, Inc. v. Eskenazi*[29] requires the district court to hold an evidentiary hearing before ruling on a Rule 60(b) motion is simply wrong. Our opinion in that case did not address the evidentiary requirements of a court's consideration of a Rule 60(b)(6) motion. In *Seven Elves* we held that entry of a judgment against two defendants solely on the basis of their failure to appear presented extraordinary circumstances justifying relief under Rule 60(b)(6), particularly because neither defendant had received notice of the trial setting.[30] In so holding, we recognized that a judgment entered at trial but without the presence of the defendants and without taking any evidence had all of the hallmarks of a default judgment, a factor that militated in favor of relief.[31] Furthermore, the district court in that case was aware that the attorney representing the defendants was not in contact with them and was attempting to withdraw.[32] The factors justifying relief in *Seven Elves* are not present here; Borne's discrimination suit was not dismissed without her presence or participation but instead after full briefing by all parties, and her attorney never attempted to withdraw as counsel or lost contact with Borne.

Nor is Borne correct that the district court's failure to apply the doctrine of equitable tolling in its original dismissal constitutes "a sufficient extraordinary circumstance" to warrant relief from that judgment. First, Borne cites no authority, and we can find none, that the limitations period should be equitably tolled based on a lawyer's 168-day neglect of a lawsuit. But more importantly a Rule 60(b)(6) motion is not the proper vehicle for Borne to pursue

---

[29] 635 F.2d 396.

[30] *Seven Elves*, 635 F.2d at 402-03.

[31] *Id.* at 403.

[32] *See id.* at 399, 403.

10

this argument.  The district court considered and rejected this argument on its merits when it dismissed Borne's claims in 2011, and Borne never appealed that dismissal.  The consequence of her deliberate choice not to pursue an appeal cannot be avoided by this collateral attack on the judgment.[33]

*     *     *

The judgment of the district court is AFFIRMED.

---

[33] *See Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1203-04 (5th Cir. 1993) (per curiam) (holding that denial of a Rule 60(b) motion is "particularly appropriate" when "asserted on virtually identical grounds" as arguments previously rejected by the district court and raised beyond the time for direct appeal).