# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
December 4, 2025

Lyle W. Cayce
Clerk

No. 25-30386
Summary Calendar
_____

Larry Williamson,

*Plaintiff—Appellant*,

*versus*

Wilmington Savings Fund Society FSB, *as Trustee of*
Stanwich Trust A,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:24-CV-1364

_____

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

Larry Williamson appeals the district court's bar on further filings and denial of his Fed. R. Civ. P. 60(b)(4) motion. Williamson's complaint against Wilmington Savings Fund Society, filed in October 2024, sought to

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-30386

vacate the September 2019 final judgment of a Louisiana state court under FED. R. CIV. P. 60(b). The defendant has not appeared.

The district court entered a final judgment dismissing the complaint on March 18, 2025. Williamson filed a motion for reconsideration pursuant to FED. R. CIV. P. 60 on April 25. The district court denied the motion for reconsideration on April 30. Williamson next filed a "motion to vacate executory process judgment" under FED. R. CIV. P. 60(b)(4) on June 20. The district court denied the motion on June 23, warning Williamson that the "continued filing of claims that have already been rejected by [the] [c]ourt will result in sanctions." Williamson then filed a motion to vacate the district court's March 18 judgment, again under FED. R. CIV. P. 60(b)(4), on July 2. The district court denied the motion on July 3 and directed the Clerk "not [to] accept any more filings in this closed case from Larry Williamson." Williamson filed a notice of appeal on July 8, appealing from the "Order and Judgment entered on July 3" denying his motion to vacate the judgment and barring further filings.

The presence of a timely notice of appeal is jurisdictional.[1] In a civil case against a non-federal defendant, the notice of appeal must be filed within 30 days after entry of the judgment or order appealed from.[2] The district court entered final judgment on March 18; Williamson filed his notice of appeal on July 7, 111 days later. The pendency of *timely* post-judgment motions "renders an otherwise final decision of a district court not final" for

---

[1] *Bowles v. Russell*, 551 U.S. 205, 206 (2007) ("We have long and repeatedly held that the time limits for filing a notice of appeal are jurisdictional in nature.").

[2] FED. R. APP. P. 4(a)(1), (4).

No. 25-30386

purposes of appeal.[3]

In this case, there were no timely post-judgment motions. Williamson filed his motion for reconsideration under FED. R. CIV. P. 60(b) 38 days after the district court's entry of judgment. A motion for relief under Rule 60 renders an otherwise final decision non-final only "if the motion is filed within the time allowed for filing a motion under Rule 59."[4] A motion under Rule 59 must be filed no later than 28 days after entry of the judgment.[5] For Williamson's Rule 60 motion for reconsideration to have rendered the judgment non-final—and thus reset his window to file a notice of appeal—it must have been filed within 28 days after the entry of judgment. In fact, it was filed 38 days after the entry of judgment.

Because the motion for reconsideration was not timely, the window for filing a notice of appeal from the judgment ran from the entry of judgment.[6] The time to appeal the March 18 judgment had long expired by the time Williamson filed his notice of appeal on July 8. The time limit of FED. R. APP. P. 4(a) is mandatory and jurisdictional;[7] we lack jurisdiction to review the underlying final judgment.[8] Therefore, only the district court's

---

[3] *Nutraceutical Corp. v. Lambert*, 586 U.S. 188, 197 (quoting *United States v. Ibarra*, 502 U.S. 1, 6 (1991)).

[4] *See* FED. R. APP. P. 4(a)(4)(A)(vi).

[5] FED. R. CIV. P. 59(e).

[6] *See, e.g.*, *Barber v. Sec. Benefit Life Ins. Co.*, 936 F.2d 210, 211-12 (5th Cir. 1991) (calculating time period from which a party files notice of appeal from "entry of judgment" where motion "was untimely and ineffective to extend the 30-day period"); *Williams v. Toyota Motor Eng'g & Mfg. N. Am., Inc.*, 470 F. App'x 309, 312 (5th Cir. 2012).

[7] *Browder v. Dir., Dep't of Corrs. of Ill.*, 434 U.S. 257, 264 (1978).

[8] *See Bebout v. Beto*, 472 F.2d 339, 339 (5th Cir. 1973) (dismissing appeal for lack of jurisdiction when motion for rehearing was not timely filed and "the time for filing notice of appeal was not extended").

No. 25-30386

July 3 order denying Williamson's motion to vacate the judgment under FED. R. CIV. P. 60(b)(4) and barring further filings is properly before us.

FED. R. CIV. P. 60(b)(4) requires relief from a judgment when "the judgment is void."[9] We review denial of a 60(b)(4) motion *de novo*.[10] Relief under Rule 60(b)(4) is not discretionary; if the judgment is void, the district court must set it aside.[11] In his brief, Williamson asserts that the district court's judgment is void for want of subject matter jurisdiction. He supports this with a bare assertion that both plaintiff and defendant were citizens of Texas at the time of filing. This is surprising, because in Williamson's complaint, he identified himself as a citizen of Louisiana and defendant bank as a citizen of California.[12]

Federal diversity jurisdiction depends on the citizenship of the parties at the time of filing.[13] We find no evidence in the record to support Williamson's assertion, for the first time on appeal, that both he and the defendant bank are citizens of Texas. His appellate brief is the *only* pleading that makes any reference to Texas. To reiterate, in his original complaint, he asserted that he was a citizen of Louisiana and defendant bank was a citizen

---

[9] FED. R. CIV. P. 60(b)(4).

[10] *Callon Petrol. Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003) ("This Court reviews a district court's denial of a Rule 60(b)(4) motion to set aside a judgment de novo." (citing *Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998))).

[11] *See Fenner*, 136 F.3d at 1005; *see also Borne v. River Pars. Hosp., L.L.C.*, 548 F. App'x 954, 957 (5th Cir. 2013) ("[I]f the judgment is void, the district court must necessarily set the judgment aside.").

[12] *See generally Yates v. City of New York*, No. 04 Civ. 9928, 2006 WL 2239430, at *1 (S.D.N.Y. Aug. 4, 2006) ("The word chutzpah, despite not debuting in a reported judicial opinion until 1972, is now vastly overused in the legal literature. Yet in a case such as this . . . it is a most appropriate term to use.").

[13] *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004).

No. 25-30386

of California.  In his amended complaint, he continued to assert that he was a citizen of Louisiana, but then asserted that defendant bank was a citizen of Delaware.  He also asserted an amount in controversy exceeding $75,000.

We find the approach of the Sixth Circuit instructive:

> Particularly where a plaintiff invokes the jurisdiction of the federal courts, loses in the district court, and then seeks to avoid the preclusive effects of that judgment by challenging on appeal the subject matter jurisdiction of the district court, it seems to us that a court of appeals should avoid dismissing the case for want of jurisdiction if a basis for federal jurisdiction appears in the record, including the appellate briefs and arguments of the parties.[14]

Williamson's own pleadings suffice to create a basis for federal jurisdiction in the record.

As for the district court barring further filings, Rule 11 provides the court "with the discretion to fashion a remedy when faced with a frivolous litigant."[15]  The district court observed that Williamson had filed "several motions regurgitating the same alleged facts and claims that have already been summarily denied with prejudice by this Court."  Williamson had been previously warned that "continuous filings that have already been rejected by this Court will result in sanctions."  The district court did not abuse its discretion by barring further filings.

The appeal is DISMISSED.

---

[14] *City of Detroit Pension Fund v. Prudential Sec. Inc.*, 91 F.3d 26, 29-30 (6th Cir. 1996).

[15] *Mendoza v. Lynaugh*, 989 F.2d 191, 196 (5th Cir. 1993).