# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 11, 2026

Lyle W. Cayce
Clerk

No. 25-11074

———————————

Alishia Katelyn Haddix,

*Plaintiff—Appellant*,

*versus*

Frank Bisignano, *Commissioner of Social Security Administration*,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CV-1263

———————————————————

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

Pro se appellant Alishia Katelyn Haddix appeals the district court's denial of her motion for reconsideration of its order granting summary judgment to the Social Security Administration. We affirm.

**I**

Haddix applied to the Social Security Administration (SSA) for disability insurance benefits. An Administrative Law Judge denied her

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

application.  Haddix then sought review from the Appeals Council.  She received a denial of her request for review on October 25, 2024.

Haddix filed suit pro se in district court.  She mailed her complaint on December 23, 2024.  Per Executive Order, Tuesday, December 24 was declared a federal holiday, along with Wednesday, December 25.  Haddix's complaint did not arrive until Friday, December 27.

The SSA moved to dismiss her complaint as untimely because the decision became final upon Haddix's receipt of the denial of her request for review, giving her 60 days from that date to file suit in district court.  The district court converted the motion into a motion for summary judgment and granted it.  Haddix moved for reconsideration under Federal Rules of Civil Procedure 59(e) and 60.  The district court denied her motion.  Haddix timely appealed.

## II

"We review the denial of a motion for reconsideration under either Rule 59(e) or 60(b) for abuse of discretion."[1]  "[O]ur court has explained that Rule 59(e) motions 'are for the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence . . . .'"[2]

Haddix argues the district court erred by failing to address her arguments in her motion for reconsideration.  This argument is without merit.  In her motion for reconsideration, Haddix argued the SSA made a false statement about when the notice of denial was mailed, failed to specify

---

[1] *Williams v. Toyota Motor Eng'g & Mfg. N. Am., Inc.*, 470 F. App'x 309, 312 (5th Cir. 2012); *see Walton v. City of Verona*, 82 F.4th 314, 321 (5th Cir. 2023); *Clark v. Davis*, 850 F.3d 770, 778 (5th Cir. 2017).

[2] *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021) (quoting *Faciane v. Sun Life Assurance Co. of Can.*, 931 F.3d 412, 423 (5th Cir. 2019)).

the Federal Rules of Civil Procedure were applicable, otherwise provided inadequate instructions to her, and that her disability and the December 24 holiday prevented her from filing on time.

The district court addressed each of these arguments. It found that the SSA's statement was immaterial because the 60-day period began when the denial was received, not when it was mailed. The district court next considered the SSA's failure to instruct Haddix on the applicable procedures for filing and found it did not constitute an extraordinary circumstance warranting equitable tolling. The court then found her disability was also not an extraordinary circumstance. Finally, the court found that even if December 24 was a federal holiday, Haddix's complaint would have had to be received by December 26, and therefore her filing was still untimely. The district court did not fail to address Haddix's arguments.

Haddix's remaining arguments are likewise without merit. We conclude the district court did not abuse its discretion in denying her motion.

*    *    *

For the foregoing reasons, we AFFIRM the district court's denial of Haddix's motion for reconsideration.