695 F.2d 922
 UNITED STATES of America, Plaintiff-Appellee,
v.
329.73 ACRES OF LAND, MORE OR LESS, SITUATED IN GRENADA AND
YALOBUSHA COUNTIES, STATE OF MISSISSIPPI, J.G.
Carter, et al. and Unknown Owners, Defendants,
Alfred A. Bryant, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
329.73 ACRES OF LAND, MORE OR LESS, SITUATED IN GRENADA AND
YALOBUSHA COUNTIES, STATE OF MISSISSIPPI, J.G.
Carter, et al. and Unknown Owners, Defendants,
Billy D. Benoist, Defendant-Appellant.
 Nos. 81-4345, 82-4064.
 United States Court of Appeals,
Fifth Circuit.
 Jan. 20, 1983.
 
 Oscar P. Mackey, Jackson, Miss., Jim R. Bruce, Kennett, Mo., for defendants-appellants.
 Maria A. Iizuka, Jacques B. Gelin, Raymond N. Zagone, Attys., U.S. Dept. of Justice, Land and Natural Resources Div., Washington, D.C., for plaintiff-appellee.
 Appeals from the United States District Court for the Northern District of Mississippi.
 Before GOLDBERG, GEE and HIGGINBOTHAM, Circuit Judges.
 PATRICK E. HIGGINBOTHAM, Circuit Judge:
 
 
 1
 The sole issue before us in these consolidated land condemnation cases is whether the landowners may invoke Rule 60(b) of the Federal Rules of Civil Procedure to challenge the district courts' failure to award an "appropriate" interest rate on the unpaid difference between the government's advance deposit of estimated just compensation and the amount of the jury's award. Because we do not regard Rule 60(b) as an appropriate avenue of relief in these cases, we affirm the district courts' denials of the landowners' Rule 60(b) motions.
 
 Facts and Proceedings Below
 
 2
 These appeals arise out of the United States' actions to acquire flowage easements over tracts of land owned by appellees Alfred A. Bryant (No. 81-4345) and Billy D. Benoist (No. 82-4064). The flowage easements were taken in connection with the Grenada Lake, Yazoo Basin Headwater Project as part of a flood control plan in Mississippi. The procedural chronology of these cases is as follows:
 
 No. 81-4345 (Bryant)
 
 3
 9/8/77--Government files a Declaration of Taking and deposits $6,120 into the court's registry.
 
 
 4
 5/14/80--After a three day trial, the jury awards $45,000 for the value of the easement taken. The district court (Judge Smith) enters judgment in the amount of the verdict.
 
 
 5
 7/14/80--Government files notice of appeal.
 
 
 6
 2/17/81--The district court, without notice to the parties or to this court, amends the judgment nunc pro tunc to award interest on $38,880 (the difference between the jury's award and the deposit of $6,120 on the date of taking) at the rate of six percent per annum from May 14, 1980 until paid as required by the Declaration of Taking Act, 40 U.S.C. Sec. 258a.[1]
 
 
 7
 2/24/81--Government moves to dismiss its appeal.
 
 
 8
 3/23/81--Government pays the deficiency plus six percent interest.
 
 
 9
 3/31/81--The landowner, unaware of the nunc pro tunc amendment, files a "motion to correct and amend" the court's judgment to provide an "appropriate" rate of interest on the deficiency. The landowner presents evidence of current interest rates, arguing that the fifth amendment requires payment of a rate of interest greater than the six percent allowed under Sec. 258a.
 
 
 10
 6/22/81--Even though the nunc pro tunc amendment corrected the omission of interest in the judgment, the district court (now Judge Senter) entertains the landowner's motion and treats it as a Rule 60(b) motion. Nevertheless, the court refuses to grant more than six percent interest because: (1) the statutory six percent satisfies constitutional requirements; and (2) even if the landowner could recover more than six percent, the appropriate rate is a question of fact for the jury.
 
 
 11
 8/20/81--The landowner appeals the court's denial of his Rule 60(b) motion.
 
 No. 82-4064 (Benoist)
 
 12
 9/8/77--Government files a Declaration of Taking and deposits $6,350 into the court's registry.
 
 
 13
 4/8/80--Jury awards $48,628 for the value of the easement taken. The district court (Judge Senter) enters a judgment in the amount of the verdict.
 
 
 14
 7/3/80--Government files notice of appeal.
 
 
 15
 4/24/81--The landowner files a "motion to correct and amend" the court's judgment to provide an "appropriate" rate of interest on the deficiency.[2] The landowner presents the same arguments raised in No. 81-4345.
 
 
 16
 5/29/81--District court amends the judgment to provide for six percent interest on the $42,278 deficiency subject to authorization of this court but refuses to grant more than six percent interest.
 
 
 17
 9/16/81--This court authorizes the district court to amend the judgment.
 
 
 18
 9/26/81--The landowner again moves to amend the judgment to provide the current interest rates.
 
 
 19
 9/30/81--District court denies the motion, holding that "the jury in this case made a most lenient award for just compensation."
 
 
 20
 12/21/81--Pursuant to this court's authorization, the district court amends its judgment to provide six percent interest on the deficiency.
 
 
 21
 2/11/82--The landowner appeals from the district court's refusal to grant his Rule 60(b) motion and provide more than six percent interest.
 
 
 22
 The landowners here argue that the district courts' failure to award more than six percent interest on the deficiency constitutes a "mistake" or presents some "other reason" that justifies correction of the judgment under Rule 60(b).[3] The government, which now concedes that the six percent rate in Sec. 258a cannot be viewed as a ceiling in computing just compensation, does not rely on the district courts' rationale for denying the Rule 60(b) motions. Instead, it argues that "any declaration to award more than the statutory rate should be made by the district judge in a separate hearing prior to the judgment" rather than by a Rule 60(b) motion. In affirming the courts' denials of the Rule 60(b) motions, we also travel a different path by focusing on whether Rule 60(b) is an appropriate vehicle for relief from a failure to award more than six percent interest.[4]
 
 Applicability of Rule 60(b)
 
 23
 The district courts in both cases entertained the landowners' Rule 60(b) motions but denied relief on the merits. Our review of the district courts' actions is confined to whether their denial of relief constituted an abuse of discretion. Fackelman v. Bell, 564 F.2d 734, 736 (5th Cir.1977). The landowners attempt to demonstrate this abuse by arguing that relief was appropriate under either Rule 60(b)(1) or Rule 60(b)(6). We conclude that the district courts did abuse their discretion, not by denying relief to the landowners, but by reaching the merits instead of finding Rule 60(b) an inappropriate avenue of relief.
 
 
 24
 The landowners' first argument is that the courts' failure to award more than six percent interest was unconstitutional and thus was a "mistake of law" under Rule 60(b)(1). One purpose of Rule 60(b)(1) is to permit the trial court to reconsider and correct "obvious errors of law" without forcing the parties to engage the machinery of appeal. Fackelman v. Bell, 564 F.2d at 736. Nevertheless, the utility of Rule 60(b)(1) is limited by the desire for finality of judgments and predictability of judicial process. Id. As we recently noted in Alvestad v. Monsanto Co., 671 F.2d 908, 912 (5th Cir.1982), a Rule 60(b) motion may not be used to escape or postpone the time limits for an appeal. See also Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir.1980).
 
 
 25
 Reasoning from these principles, this court affirmed the denial of a Rule 60(b) motion in Gary W. v. State of Louisiana, 622 F.2d 804 (5th Cir.1980), cert. denied, 450 U.S. 994, 101 S.Ct. 1695, 68 L.Ed.2d 193 (1981). Louisiana had failed to appeal an award of attorney's fees against it but sought relief under Rule 60(b). On appeal from the district court's denial of its motion, the state argued that this denial was an abuse of discretion because the court had mistakenly applied a wrong legal standard. We held that "even if the trial court had applied an incorrect legal standard when assessing attorney's fees, the proper way to challenge its ruling in the court of appeals is by appeal of its ruling, not by appeal of a denial of a Rule 60(b) motion." Id. at 805 (footnote omitted). Similarly, Alvestad affirmed the district court's denial of a Rule 60(b) motion, holding that an inquiry into whether the trial judge had applied correct legal standards "is one which could have ... been undertaken on appeal rather than as a mere prelude to an attempt to show discretionary abuse under Rule 60(b)." 671 F.2d at 913. See also Fackelman v. Bell, 564 F.2d at 736.
 
 
 26
 The landowners in these cases also were not entitled to use Rule 60(b)(1) to challenge the constitutionality of a six percent rate. This alleged mistake of law should have been raised on appeal from the judgment or by a motion to amend under Rule 59(e). Allowing the landowners to invoke Rule 60(b)(1) would undermine the concepts of orderly procedure and desirable finality in judgments and would permit the circumvention of the time restrictions for an appeal. See Fed.R.App.P. 4(a). Under these circumstances, Rule 60(b)(1) cannot be considered an appropriate avenue of relief.[5]
 
 
 27
 Even if the constitutional issue should have been raised on appeal, the landowners argue that Rule 60(b)(6) permitted them to reopen the judgment after the government paid the deficiency to present evidence of current interest rates in support of their constitutional argument. This procedure was necessary, they contend, because it was impossible to predict at trial both when the government would pay the deficiency and the level of interest rates during that period. As such, they regard as unrealistic the government's position that "any declaration to award more than the statutory rate should be made by the district judge in a separate hearing prior to the judgment."
 
 
 28
 This argument, however, cannot be regarded as one of the "reasons justifying relief" from a judgment that is contemplated by Rule 60(b)(6). This clause of the Rule provides "a grand reservoir of equitable power to do justice in a particular case," Seven Elves, Inc. v. Eskenazi, 635 F.2d at 401-02 n. 3 (quoting 7 J. Moore, Federal Practice p 60.27 (2d ed.1979)), but that well is not tapped by a request to present evidence that could have been discovered and presented at trial through the exercise of due diligence. See Inter Financing Exchange v. Bartlett & Co., 659 F.2d 1320 (5th Cir.1981). Both landowners could have presented to the district courts evidence of the interest rates from the date of taking to the date of the jury's verdict.[6] If the courts had accepted the landowners' constitutional argument and decided to award more than the statutory six percent, the landowners could have specified what method of calculating interest rates should govern from that date until the date the deficiency is paid. Viewing the record when judgment was entered, there certainly was no obvious error. That is, the landowners seek to reopen a trial to make proof from which their claim of obvious error springs. Rule 60(b) does not allow such supplementary trials.
 
 
 29
 In affirming the district courts' denials of the Rule 60(b) motions, we intimate no opinion on the merits of the landowners' constitutional claims. We hold only that the landowners should not have waited until long after trial and entry of judgment to tender constitutional challenge and supporting evidence to the district courts. Rule 60(b) was not an appropriate avenue of relief in these cases.
 
 
 30
 AFFIRMED.
 
 
 
 [1]
 40 U.S.C. Sec. 258a provides that the judgment on a declaration of taking
 shall include, as part of the just compensation awarded, interest at the rate of 6 per centum per annum on the amount finally awarded as the value of the property as of the date of taking, from said date to the date of payment; but interest shall not be allowed on so much thereof as shall have been paid into the court.
 
 
 [2]
 Although the landowner did not specifically mention Rule 60(b), he did cite two cases involving Rule 60(b): Lairsey v. Advance Abrasives Co., 542 F.2d 928 (5th Cir.1976), and Meadows v. Cohen, 409 F.2d 750 (5th Cir.1969)
 
 
 [3]
 Rule 60(b) will relieve a party from a final judgment if there exists "(1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment."
 
 
 [4]
 The government does not dispute the use of Rule 60(b) to correct the district courts' omission of the six percent interest rate required by Sec. 258a. See Warner v. City of Bay St. Louis, 526 F.2d 1211, 1213 (5th Cir.1976)
 
 
 [5]
 The landowner in No. 82-4064 (Benoist) faces the additional problem of failing to file his Rule 60(b)(1) motion within the requisite one year
 
 
 [6]
 Data of this type appears in such publications as the Treasury Bulletin, the Federal Reserve Bulletin, and Moody's Composite Index of Yield on Long Term Corporate Bonds