# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-30657
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 28, 2016

Lyle W. Cayce
Clerk

ORA PRICE; LEONARD PRICE; AND DARRYL PRICE,

Plaintiffs - Appellants

v.

ADMINISTRATIVE RECEIVER FOR THE HOUSING AUTHORITY OF
NEW ORLEANS; FIRST CHOICE SECURITY, in its official capacity;
KEVIN JOHNSON, individually and in his official capacity as President of
First Choice Security; JOSEPH C. HENSLEY, individually and in his
capacity as Sergeant for First Choice Security,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CV-00992

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

Plaintiffs–Appellants Ora Price, Leonard Price, and Darryl Price (the
Prices) were lifetime residents of public housing run by the Housing Authority
of New Orleans (HANO). After being evicted from that housing in a state court

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

proceeding, the Prices, proceeding pro se, filed the instant suit in federal district court, naming as defendants HANO and its administrative receiver, various HANO contractors and subcontractors and their employees, a law firm and its employees, and a state court judge. The district court granted dismissals to most of these defendants based on, *inter alia*, judicial immunity, lack of subject matter jurisdiction, lack of state action, and the *Rooker-Feldman* doctrine.[1] On March 25, 2015, the district court dismissed the entire case, including the claims against the remaining defendants (Appellees), without prejudice, citing, *inter alia*, "concerns about federal subject matter jurisdiction articulated in previous [dismissal] orders."

On March 30, 2016—more than a year later—the Prices filed a "Motion to Set Aside Judgment / Vacate Order and Reopen Case," arguing that the district court erroneously concluded that it did not have federal question jurisdiction. The district court construed the Prices' motion, in relevant part, as being brought under Federal Rule of Civil Procedure 60(b)(1) and denied the motion as untimely on May 20, 2016. *See* Fed. R. Civ. P. 60(c)(1) (requiring Rule 60(b)(1) motion "be made . . . no more than a year after the entry of the [challenged] judgment or order"). The Prices filed their notice of appeal on June 10, 2016.

On appeal, the Prices primarily, if not exclusively, challenge the merits of the district court's March 25, 2015, order dismissing the case. Before we can address that challenge, however, we must consider our jurisdiction. *See Williams v. Chater*, 87 F.3d 702, 704 (5th Cir. 1996).

---

[1] The *Rooker–Feldman* doctrine derives from two Supreme Court cases, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and bars a district court from exercising subject matter jurisdiction when the federal plaintiff seeks to overturn a state judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005).

No. 16-30657

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Here, the district court's March 25, 2015, order dismissing the case without prejudice was final and appealable. *See United States v. Wallace & Tiernan Co.*, 336 U.S. 793, 794–95 n.1 (1949) (recognizing dismissal of case without prejudice is final and appealable); *see also Ciralsky v. CIA*, 355 F.3d 661, 666 & n.2 (D.C. Cir. 2004) (collecting authorities). Thus, for this court to have jurisdiction to review the Prices' challenge to that order, the Prices were required to file a timely notice of appeal. Because the record is clear that they did not do so,[2] we lack jurisdiction over the Prices' appeal insofar as it purports to challenge the underlying dismissal. *See Edwards v. City of Hous.*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc); *see also Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 284–85 (5th Cir. 1985).

The denial of a Rule 60(b) motion, however, "is appealable separately from the underlying judgment." *Taylor v. Johnson*, 257 F.3d 470, 474 (5th Cir. 2001). Here, the Prices filed their notice of appeal less than 30 days after the denial of their "Motion to Set Aside Judgment / Vacate Order and Reopen Case." The Prices' notice of appeal, therefore, would be timely as to the denial of that motion if it was brought under Rule 60(b). *See* Fed. R. App. P. 4(a)(1)(A). But even if timely, the appeal would "not bring up the underlying judgment for

---

[2] Federal Rule of Appellate Procedure 4(a)(1)(A) provides, in pertinent part, that "the notice of appeal . . . must be filed within 30 days after *entry* of the judgment or order appealed from." (emphasis added.) Under Rule 4(a)(7), the date of "entry" of a dismissal order depends on whether the district court set forth judgment in a separate document in compliance with Federal Rule of Civil Procedure 58(a). For those cases in which Federal Rule of Civil Procedure 58(a) requires that judgment be set forth in a separate document but there is none, judgment is deemed entered upon expiration of 150 days from the date of entry of the order on the civil docket. *See* Fed. R. App. P. 4(a)(7)(A)(ii). In this case, we need not decide whether Rule 58(a)'s separate document requirement applied or was satisfied because the Prices' notice of appeal was, in any event, untimely. The Prices did not file their notice of appeal until June 10, 2016, more than a year after the district court's March 25, 2015, dismissal order was docketed.

3

review." *Ta Chi Navigation (Pan.) Corp. S.A. v. United States*, 728 F.2d 699, 703 (5th Cir. 1984).

The Prices' "Motion to Set Aside Judgment / Vacate Order and Reopen Case" does not identify the Federal Rule of Civil Procedure pursuant to which it was brought, and the Prices do not identify a specific rule on appeal. Because the Prices' motion was unquestionably filed more than 28 days after entry of the dismissal order and argued that the district court erroneously concluded it did not have federal question jurisdiction, we agree with the district court that the Prices' motion should be viewed as a Rule 60(b)(1) motion. *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam) (recognizing that a motion seeking a change in a judgment or an order is viewed as a Rule 60(b) motion when filed outside of Rule 59(e)'s 28 day time limit); *McMillan v. MBank Fort Worth, N.A.*, 4 F.3d 362, 367 (5th Cir. 1993) (recognizing that "claims of legal error or mistake . . . are subsumed under subsection (1)" of Rule 60(b)).

Although the Prices' Rule 60(b)(1) motion may have been timely,[3] we need not resolve the timeliness question because we may affirm on any basis supported by the record. *See Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). Here, the sole basis on which the Prices sought relief in their Rule 60(b)(1) motion was their allegation that the district court erroneously concluded that it did not have federal question jurisdiction. Because this alleged "mistake of law should have been raised on appeal from the judgment,"

---

[3] As discussed *supra*, the date of "entry" of the district court's dismissal order depends on whether Rule 58(a)'s separate document requirement applied and was satisfied. If it applied and was not satisfied, "entry" occurred upon the expiration of 150 days from docketing of the district court's dismissal order on March 25, 2015. *See* Fed. R. Civ. P. 58(c)(2)(B). In that event, the Prices' Rule 60(b)(1) motion would have been timely because it was filed on March 30, 2016—less than a year later. *See* Fed. R. Civ. P. 60(c)(1). Otherwise, the Prices' Rule 60(b)(1) motion was untimely, as the district court concluded.

No. 16-30657

Rule 60(b)(1) is not "an appropriate avenue of relief." *United States v. 329.73 Acres of Land, More or Less*, 695 F.2d 922, 925–26 (5th Cir. 1983); *see also Benson v. St. Joseph Reg'l Health Ctr.*, 575 F.3d 542, 547 (5th Cir. 2009) (recognizing that Rule 60(b)(1) motions are not substitutes for timely appeal and must be filed within the time for taking an appeal to challenge legal error).

For the foregoing reasons, we DISMISS the Prices' appeal from the March 25, 2015, dismissal order for lack of jurisdiction and AFFIRM the district court's order denying the Prices' Rule 60(b)(1) motion.