# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40127
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 26, 2019

Lyle W. Cayce
Clerk

JOHN PRIESTER, JR.; BETTIE PRIESTER,

  Plaintiffs - Appellants

v.

JP MORGAN CHASE BANK, N.A.; JP MORGAN CHASE & COMPANY;
LONG BEACH MORTGAGE COMPANY; ALAMO TITLE COMPANY;
CRISTOBAL M. GALINDO, P.C.; GALINDO LAW & TITLE; GALINDO
CRISTOBAL TITLE SERVICES; CRISTOBAL M. GALINDO; KRISTEN L.
TINSLEY,

  Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:10-CV-641

Before JOLLY, COSTA, and HO, Circuit Judges.

GREGG COSTA, Circuit Judge:*

 *Erie* guesses are just that—guesses. Hopefully we get them right, but
sometimes we get them wrong. When our prediction about what a state
supreme court would do turns out to be wrong years after the federal litigation

---

 * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 18-40127

ends, can the losing litigant reopen the federal case?   This appeal poses that question.

John and Bettie Priester were on the losing end of what turned out to be an incorrect *Erie* guess.   Back in 2013, we affirmed the dismissal of the Priesters' case, holding that a four-year statute of limitations barred their attempt to avoid a home-equity lien under section 50(a)(6) of the Texas Constitution.  *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 671, 674 (5th Cir. 2013).   But three years later, the Supreme Court of Texas interpreted Texas law differently.  *Wood v. HSBC Bank USA, N.A.*, 505 S.W.3d 542, 547 (Tex. 2016) ("[N]o statute of limitations applies to an action to quiet title on an invalid home-equity lien.").  *Wood* "made plain that our '*Erie* guess' in *Priester* was wrong." *Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 600 (5th Cir. 2017).

The Priesters filed a Rule 60(b) motion to vacate the final judgment dismissing their claims, relying on the clarification of Texas law as the "reason that justifies relief."  FED. R. CIV. P. 60(b)(6).   The district court denied the motion, a decision we review for abuse of discretion.  *Hall v. Louisiana*, 884 F.3d 546, 549 (5th Cir. 2018).

There was none.   For one thing, we see no abuse of discretion in the district court's reasoning that the Priesters unreasonably delayed by waiting until fifteen months after *Wood* to try and vacate the judgment.  *See* FED. R. CIV. P. 60(c) ("A motion made under Rule 60(b) must be made within a reasonable time . . . .").

We will not belabor the timeliness question because the district court had another straightforward reason to deny the motion.   Relief under Rule 60(b)(6)—the catch-all provision of 60(b), and the one in which the Priesters seek refuge—is appropriate only in "extraordinary circumstances." *U.S. ex rel. Garibaldi v. Orleans Parish Sch. Bd.*, 397 F.3d 334, 337 (5th Cir. 2005).   The

"general rule" is that a change in decisional law "will not normally constitute an extraordinary circumstance, and cannot alone be grounds for relief from a final judgment pursuant to Rule 60(b)." *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 748, 750 (noting this general rule "has greater force in an *Erie* case"). That principle reflects that the interest in getting the law "right" must sometimes give way to an even stronger interest in finality. *See Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981) (emphasizing "the great desirability of preserving the principle of the finality of judgments"). If a "change in law" automatically allowed the reopening of federal cases, then anytime the Supreme Court resolved a circuit split, the courts that had taken the view that did not prevail would have to reopen cases no matter how long ago the judgments issued. *See Garibaldi*, 397 F.3d at 338.

That being said, we have recognized that there may be situations when a change in decisional law combines with other factors to tip the "delicate balance between the sanctity of final judgments . . . and the incessant command of the court's conscience that justice be done in light of all the facts." *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970); *see Batts*, 66 F.3d at 748 n.6. It is not apparent, however, that we have ever found such a situation. This is not one. Since the dismissal of the Priesters' attempt to quiet title, the bank has obtained a foreclosure order. The Priesters are fighting it, and they are worried that the earlier federal judgment against them may pose a *res judicata* problem. But *res judicata* is the ordinary result of a final judgment, not an extraordinary circumstance warranting relief from one.

The Priesters also argue that by granting a Rule 59(e) motion based on *Wood* in *Alexander*, 867 F.3d at 603–04, we evinced a newfound openness to postjudgment relief following a change in law. But they confuse motions to alter a judgment under Rule 59(e) with motions to vacate a judgment under Rule 60(b). Rule 59(e) motions, which must be filed much closer in time to the

No. 18-40127

entry of judgment (within 28 days), are not "controlled by the same exacting substantive requirements" as Rule 60(b) motions. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173–74 (5th Cir. 1990). Amending a judgment because of "an intervening change in controlling law" is well within the scope of Rule 59(e). *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012).

\*     \*     \*

The judgment is AFFIRMED.