# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-11157
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 27, 2020

Lyle W. Cayce
Clerk

DANIEL JAMES CALDWELL,

      Plaintiff - Appellant

v.

PARKER UNIVERSITY,

      Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-1617

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:*

Daniel Caldwell appeals the district court's[1] denial of his second motion for reconsideration of its judgment dismissing Caldwell's action against his former college, Parker University, with prejudice.[2]  Caldwell's motions to file his brief out of time and to extend time to file a reply brief are GRANTED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The parties consented to proceeding before a magistrate judge.

[2] We earlier dismissed the portion of Caldwell's appeal challenging the district court's judgment of dismissal and the denial of Caldwell's first motion for reconsideration under Rule

No. 19-11157

Caldwell's action brought claims of breach of contract, fraud, and quantum meruit, in addition to claims for violations of (1) Parker's right to due process under the Fifth and Fourteenth Amendments, (2) the Higher Education Act, (3) the Rehabilitation Act, and (4) the Americans with Disabilities Act (ADA). Caldwell alleged these violations occurred as a result of Parker's expelling him without proper cause and for discriminatory purposes and later requiring that he pay $6,444 in order to obtain his transcript. In dismissing these claims, the district court determined that Caldwell had failed to allege any facts giving rise to state action by Parker, a private university; that the Higher Education Act did not provide a private right of action because the Department of Education was charged with comprehensive enforcement of the Act; that Caldwell's Rehabilitation Act and ADA claims were barred by limitations and that Caldwell had failed to state plausible claims under those statutes in any event; that no contract existed on which to base a breach of contract or fraudulent breach claim; and that no factual allegations were included in Caldwell's complaint to support a quantum meruit claim. After an initial attempt at securing reconsideration under Rule 59(e), Caldwell filed the motion for reconsideration at issue here 30 days after the judgment of dismissal.

Although Caldwell styled his motion as seeking relief under Rule 59(e), because the motion was filed more than 28 days after the entry of judgment, the district court correctly analyzed the motion under Rule 60(b), which governs when a litigant may obtain relief from a final judgment. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). In doing so, the

---

59(e). *See* Order, No. 19-11157 Doc. 00515235844 (5th Cir. 12/13/19). Though Caldwell's second motion for reconsideration contains a "conditional notice of appeal" to this court, we have held that a document seeking to appeal "only if reconsideration is denied" does not "clearly evince [an] intent to appeal" and is thus ineffective as a notice of appeal. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987) (cleaned up).

district court determined that Caldwell was not entitled to relief from the judgment of dismissal under Rule 60(b) because none of the enumerated grounds for relief under that rule were satisfied.  Specifically, the district court first noted that Caldwell "neither present[ed] newly discovered evidence nor allege[d] fraud or that the judgment is void, has been satisfied, released, discharged, or is based on an earlier judgment or that it would be inequitable to apply the judgment prospectively."  *See* FED. R. CIV. P. 60(b)(2), (b)(3), (b)(4), & (b)(5).  Further, the district court determined that Caldwell could not justify relief under the Rule 60(b)(6) catch-all provision because he "fail[ed] to present either a situation or a circumstance so extraordinary as to justify relief."  *See Priester v. JP Morgan Chase Bank, N.A.*, 927 F.3d 912, 913 (5th Cir. 2019) (extraordinary circumstances required for relief under Rule 60(b)(6)'s catch-all provision).  Finally, the district court concluded that Caldwell was not entitled to relief under Rule 60(b)(1) because its judgment did not "conflict with a clear statutory mandate or implicate a fundamental misconception of the law."  *See Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987) (relief under Rule 60(b)(1) not allowed for mere mistakes "but only to rectify an obvious error of law, apparent on the record," where "the judgment obviously conflicts with a clear statutory mandate or when the judicial error involves a fundamental misconception of the law" (citations omitted)).

We review the denial of a Rule 60(b) motion for an abuse of discretion, *Flowers v. S. Reg'l Physician Services, Inc.*, 286 F.3d 798, 800 (5th Cir. 2002), and, perceiving none, AFFIRM for essentially the reasons stated by the district court.