# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 6, 2022

No. 20-11199
Summary Calendar

Lyle W. Cayce
Clerk

CAROL M. KAM,

*Plaintiff—Appellant*,

*versus*

DALLAS COUNTY; STATE OF TEXAS,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-378

Before OWEN, *Chief Judge*, and HAYNES and COSTA, *Circuit Judges*.

PER CURIAM:*

Kam challenges the district court's denial of her Federal Rule of Civil Procedure 60 motion to "vacate" a two-year old district court order dismissing her claim pursuant to the *Rooker–Feldman* doctrine. We AFFIRM.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-11199

# I

The factual and procedural history of this case is circuitous, to put it mildly, and a thorough discussion is not helpful for the disposition of this current appeal—Kam's third before this court. In brief, nearly a decade ago, a Texas state court ruled against Kam in a dispute concerning her late brother's trust. Kam exhausted her state court appeals and then turned to the federal courts seeking, in various lawsuits, relief against the judge who ruled against her, Dallas County, and the State of Texas. In 2018, the district court below entered a final judgment dismissing Kam's claims against Dallas County and the State of Texas based on the *Rooker–Feldman* doctrine. This court affirmed, agreeing with the district court that her claims were prohibited under *Rooker–Feldman* as "a thinly-veiled collateral attack on the state courts' final judgment."[1] After the Supreme Court denied certiorari, Kam returned to the district court and filed the FRCP 60 motion at issue in the current appeal. She filed her motion in 2020—over two years after the district court issued its final judgment. Kam seeks relief from the judgment of the district court under FRCP 60(b)(1), (b)(2), (b)(3), (b)(6), and (d).

# II

Before turning to the FRCP 60 arguments, we must first address Kam's governmental liability arguments, waiver, and her status as a *pro se* appellant. This court typically will not consider arguments that were not first presented to the district court.[2] In her brief before this court, Kam raises the issue of governmental liability under 42 U.S.C. §§ 1983 and 1985. Kam

---

[1] *Kam v. Peyton*, 773 F. App'x 784, 785 (5th Cir. 2019) (per curiam) (unpublished); *see also D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *Phinizy v. Alabama*, 847 F.2d 282, 284 (5th Cir. 1988).

[2] *Grogan v. Kumar*, 873 F.3d 273, 277 (5th Cir. 2017).

No. 20-11199

submitted almost identical briefing to the district court in support of her motion *except* for the section discussing governmental liability. In her briefing before the district court, that section is completely absent. We are "a court of review, not of first view."[3] Because Kam did not raise §§ 1983 and 1985 in her motion to the district court, she has forfeited those arguments on appeal.[4]

Dallas County argues not only that Kam has forfeited her §§ 1983 and 1985 claims, but also that she has waived—on a theory of insufficient briefing—all of her FRCP 60 claims. We disagree in part, however, because in contrast to her §§ 1983 and 1985 arguments, Kam did at least raise the issue of FRCP 60 both in her brief below and in this court. Additionally, while her briefing is sparse, she is proceeding *pro se* and we construe her brief liberally.[5] However, that does not mean that Kam preserved all of her arguments. Even construed liberally, the brief must make some argument.[6] Although Kam mentions FRCP 60(d), we agree with Dallas County that Kam has waived any argument based on FRCP 60(d) because Kam does nothing more than make a passing mention of the rule without further argument. Unlike her FRCP 60(b) argument, Kam does not elaborate on the potential bases for relief under 60(d) at all. Failure to brief an issue adequately on appeal can constitute waiver of that issue and does so here.[7]

---

[3] *Montano v. Texas*, 867 F.3d 540, 546 (5th Cir. 2017) (quoting *United States v. Vicencio*, 647 F. App'x 170, 177 (4th Cir. 2016) (per curiam) (unpublished)).

[4] *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021).

[5] *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

[6] *See id.* (quoting *Weaver v. Puckett*, 896 F.2d 126, 128 (5th Cir. 1990)) (holding that a *pro se* party's argument that did not "contain the reasons he deserves the requested relief" was waived).

[7] *See Monteon-Camargo v. Barr*, 918 F.3d 423, 428 (5th Cir. 2019) (noting the rule).

No. 20-11199

### III

All that remains of Kam's appeal are her arguments drawn from FRCP 60(b)(1)-(3) and (6). We review denials of FRCP 60(b) motions for abuse of discretion.[8] A party can seek relief under FRCP 60(b)(1)-(3) for, among other things: mistake, newly discovered evidence, or fraud.[9] Rule 60(c)(1) requires movants to seek relief "within a reasonable time—and for [relief under (b)(1)-(3)] no more than one year after the entry of the judgment or order or the date of the proceeding."[10] It is not an abuse of discretion to deny a FRCP 60(b)(1)-(3) motion on untimeliness grounds.[11] Because Kam filed her FRCP 60(b)(1)-(3) motion more than one year after the 2018 final judgment from which she sought relief, the district court did not abuse its discretion in denying her motion as to those three sections.

Kam's argument drawn from FRCP 60(b)(6) fares no better. Relief under Rule 60(b)(6) is available for "any other reason that justifies relief,"[12] but it is available only in "extraordinary circumstances."[13] Even construing the brief liberally, it is difficult to tell what extraordinary circumstances Kam relies on other than that she alleges the Texas court decision against her nearly a decade ago is void. But the motion currently on appeal seeks relief from the federal judgment dismissing her claim on *Rooker–Feldman*

---

[8] *In re Deepwater Horizon*, 988 F.3d 192, 200 n.23 (5th Cir. 2021) (citing *Silvercreek Mgmt., Inc. v. Banc of Am. Sec., LLC*, 534 F.3d 469, 471 (5th Cir. 2008)).

[9] Fed. R. Civ. P. 60(b)(1)-(3).

[10] Fed. R. Civ. P. 60(c)(1).

[11] *See Tollett v. City of Kemah*, 285 F.3d 357, 369 (5th Cir. 2002) (denying an untimely FRCP 60(b)(1)-(3) motion).

[12] Fed. R. Civ. P. 60(b)(6).

[13] *Priester v. JP Morgan Chase Bank, N.A.*, 927 F.3d 912, 913 (5th Cir. 2019) (quoting *United States ex rel. Garibaldi v. Orleans Parish Sch. Bd.*, 397 F.3d 334, 337 (5th Cir. 2005)).

No. 20-11199

grounds—not the Texas court decision, and Kam never claims that the federal judgment is void.[14]   Kam does contend that *Rooker–Feldman* is inapplicable to her claim precisely because, she argues, the underlying state court decision is void, but this court has already addressed whether the doctrine applies to her claim and held that it does.[15]   This panel may not overrule the decision of a prior panel "absent an intervening decision to the contrary by the Supreme Court or this court en banc."[16]

In the end, the only potentially extraordinary circumstance Kam's argument identifies is the alleged invalidity of a state court decision not at issue in the motion—an argument this court has already rejected.  It was not an abuse of discretion for the district court to reject such a threadbare and inapposite argument, especially considering Kam did not offer any new evidence of invalidity.[17]

## IV

Carried with this appeal is a motion by Kam to supplement the record. The supplementary materials pertain to a complaint of judicial misconduct that Kam's brother filed against the Supreme Court of Texas.  "Generally, we will not enlarge the record on appeal with evidence not before the district

---

[14] It is for this same reason that, even liberally construed, Kam's briefing does not raise an FRCP 60(b)(4) voidness argument.

[15] *Kam v. Peyton*, 773 F. App'x 784, 785 (5th Cir. 2019) (per curiam) (unpublished).

[16] *In re Henry*, 944 F.3d 587, 591 (5th Cir. 2019) (quoting *United States v. Simkanin*, 420 F.3d 397, 420 n.25 (5th Cir. 2005)).

[17] *Cf. Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747-48 (5th Cir. 1995) (holding that even a change in decisional law was not an extraordinary circumstance); *see also Thomas v. Stafflink, Inc.*, 855 F. App'x 983, 984 (5th Cir. 2021) (per curiam) (unpublished) (holding that it was not an abuse of discretion to deny an FRCP 60(b)(6) motion that repeated arguments from earlier in the proceedings and otherwise failed to provide evidence in support).

No. 20-11199

court."[18] Because the district court did not review these materials, and there are no extenuating circumstances, we will not consider them.

*     *     *

For the foregoing reasons, the order of the district court is AFFIRMED. Kam's motion to supplement the record is DENIED.

---

[18] *Trinity Indus., Inc. v. Martin*, 963 F.2d 795, 799 (5th Cir. 1992).