# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 22, 2023

Lyle W. Cayce
Clerk

————————

No. 22-50295

————————

Nidia Heston, *As next of friend* and *mother to* A.H., *a minor child*,

*Plaintiff—Appellant*,

*versus*

Austin Independent School District,

*Defendant—Appellee*.

————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:21-CV-35

————————————————————

Before Higginbotham, Graves, and Douglas, *Circuit Judges*.

Patrick E. Higginbotham, *Circuit Judge*:

Nidia Heston ("Heston") sued the Austin Independent School District ("AISD") on behalf of her minor son, A.H., alleging that AISD violated § 504 of the Rehabilitation Act of 1973 ("§ 504"), the Americans with Disabilities Act ("ADA"), and 42 U.S.C. § 1983 ("§ 1983") by employing an individual assigned to help A.H. accommodate his disabilities, but who instead verbally harassed him and threw a trash can at him, hitting him and causing injury. After the incident, the parties settled all of A.H.'s Individuals with Disabilities Education Act ("IDEA") claims outside of court but agreed that Heston still had the right to file a separate action

containing A.H.'s claims arising under § 504, the ADA, and § 1983. Heston then brought these claims in a suit filed in 2018. The district court dismissed the suit without prejudice for Heston's failure to exhaust the Individuals with Disabilities Education Act's ("IDEA") administrative remedies (and failure to show exhaustion was futile). *See generally Heston, Next friends of A.H. v. Sch. Bd. of Austin Indep. Sch. Dist.*, No. 18-CV-18, 2018 WL 11486915 (W.D. Tex. Dec. 7, 2018). This Court affirmed that dismissal. *See generally Heston, Next Friend of A.H v. Austin Indep. Sch. Dist.*, 816 F. App'x 977 (5th Cir. 2020) (unpublished) (per curiam).

Heston then filed this suit, bringing nearly identical claims under the same three statutory provisions against AISD, with the same factual allegations as the prior case. The district court dismissed the complaint, holding that issue preclusion barred Heston from relitigating the same issues as in the first case. *See generally Heston v. Austin Indep. Sch. Dist.*, No. 21-CV-35, 2022 WL 958383 (W.D. Tex. Mar. 30, 2022). Heston timely appealed.

Since Heston appealed and the Parties' briefed the case, the Supreme Court decided *Luna Perez v. Sturgis Pub. Schs.*, 143 S. Ct. 859 (2023), concluding that the IDEA does not require administrative exhaustion "where a plaintiff brings a suit under another federal law for compensatory damages." *Id.* at 864. This constitutes a "modification[] in controlling legal principles . . . render[ing] a previous determination inconsistent with the prevailing doctrine." *EEOC v. Am. Airlines, Inc.*, 48 F.3d 164, 170 (5th Cir. 1995). Since issue preclusion "must be confined to situations where the matter raised in the second suit is identical in all respects with that decided in the first proceeding and where the controlling facts and applicable legal rules remain unchanged," *Comm'r v. Sunnen*, 333 U.S. 591, 599–600 (1948), it is not warranted in this instance. *See also Brister v. A.W.I., Inc.*, 946 F.2d 350, 354 n.1 (5th Cir. 1991) ("Not only the facts, but also the legal standard

No. 22-50295

used to assess them, must be identical." (citing *Southern Pac. Transp. Co. v. Smith Material Corp.*, 616 F.2d 111, 115 (5th Cir. 1980))).

\* \* \* \*

The judgment of the District Court is VACATED, and the case is REMANDED to the District Court for further consideration in light of *Luna Perez*.