# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 29, 2024

Lyle W. Cayce
Clerk

———————

No. 23-40474

———————

J.V., by next friends Jose Vega and Margarita Vega,

*Plaintiff—Appellant*,

*versus*

Brownsville Independent School District,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:21-CV-115

_____

Before Jones, Clement, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Plaintiffs Jose and Margarita Vega, on behalf of their son J.V., filed a series of claims with the Texas Education Agency and in federal court against Brownsville Independent School District.  In the last-filed federal case, the district court dismissed Plaintiffs' claims with prejudice.  Less than a year later, the Supreme Court abrogated relevant caselaw, and Plaintiffs moved the district court to "amend or correct [the] judgment" pursuant to Federal

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-40474

Rules of Civil Procedure 60(b)(1) and 60(b)(6). The question now before us is whether the district court abused its discretion in denying Plaintiffs' motion under either rule. We affirm.

## I.

J.V. is an individual who suffers from disabilities including cerebral palsy, orthopedic and speech impairments, and a low IQ.[1] He has limited motor skills and requires extensive help in daily functions, including using the bathroom. In March 2016, J.V. was allegedly injured by Enrique Rodriguez, a Brownsville Independent School District (BISD) employee, while Rodriguez helped J.V. use the bathroom on a school trip.

In August 2017, J.V.'s parents filed claims on J.V.'s behalf against BISD with the Texas Education Agency (TEA), asserting violations of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 et seq., Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and Section 504 of the Rehabilitation Act (RA), 29 U.S.C. § 701 et seq.[2] The TEA dismissed without prejudice all non-IDEA claims for lack of subject matter jurisdiction, and the parties later filed a stipulation dismissing the IDEA claim because "Plaintiffs . . . agreed that BISD provided J.V. with a free appropriate public education pursuant to IDEA."

In January 2018, Plaintiffs filed their first lawsuit, alleging similar claims as in their TEA action, in the United States District Court for the Southern District of Texas. The court concluded that the stipulation dismissing Plaintiffs' IDEA claims in the TEA action did not equate to an

---

[1] At the time of the March 2016 incident, J.V. was a minor, but he is now over eighteen years old.

[2] Plaintiffs also asserted constitutional claims and a Title IX claim, which are not relevant in this appeal because they were not alleged in the current action.

adjudication on the merits and accordingly dismissed the case for lack of jurisdiction because Plaintiffs had failed to exhaust their state administrative remedies. *J.V. ex rel. Vega v. Brownsville Indep. Sch. Dist.*, No. 1:18-cv-8, 2020 WL 3415747, at *9–10 (S.D. Tex. June 22, 2020) (citing *Fry v. Napoleon Cmty. Schs.*, 580 U.S. 154, 171–73 (2017)).  The court reasoned:

> A plaintiff cannot circumvent the IDEA's administrative exhaustion requirement by repacking [claims] as claims under some other statute when those same claims could have been brought under the IDEA.  A plaintiff alleging claims under § 504 or the ADA must first exhaust his or her administrative remedies for claims under the IDEA when the relief being sought is also available under the IDEA's remedial scheme.

*Id.* at *7 (internal citations omitted).  The court dismissed Plaintiffs' claims "without prejudice to allow Plaintiffs to exhaust their state administrative remedies."  *Id.* at *10.

In December 2018, while their first federal action was pending, Plaintiffs filed a second TEA action against BISD, asserting an IDEA claim based on events after the March 2016 incident.  The TEA denied the claim on the merits.  Plaintiffs challenged the dismissal via a second federal action, but the parties filed a stipulation dismissing that claim.

Plaintiffs filed a third TEA action against BISD in February 2021, alleging violations of the ADA, § 504 of the RA, and IDEA based on events stemming from the March 2016 incident.  But the parties again stipulated to the dismissal of the case, and this time the TEA dismissed all claims with prejudice.

Plaintiffs filed the current federal suit in August 2021 following dismissal of their third TEA action.  They asserted claims against BISD under the ADA, § 504 of the RA, and the Texas Human Resources Code

(THRC), but not IDEA.[3]  Relevant here, Plaintiffs sought compensatory damages under the ADA and RA.

BISD moved to dismiss the action for lack of subject matter jurisdiction, which the court granted.  The court, relying on *McMillen v. New Caney Independent School District*, 939 F.3d 640 (5th Cir. 2019), held that "Plaintiffs' ADA and § 504 claims require exhaustion with the TEA because they seek redress for denial of a [free appropriate public education] and thus invoke the IDEA's prelawsuit administrative process."  The court dismissed these claims with prejudice because "Plaintiffs had more than sufficient opportunities to adequately plead this [c]ourt's subject matter jurisdiction."[4] Plaintiffs did not appeal.

Less than a year after the district court dismissed Plaintiffs' claims in this third federal action, the Supreme Court abrogated *McMillen* and other relevant caselaw, holding that the "administrative exhaustion requirement applies *only* to suits that seek *relief* . . . also available under IDEA." *Perez v. Sturgis Pub. Schs.*, 598 U.S. 142, 146–47 (2023) (emphasis added) (internal quotations omitted).  The Court explained that "where a plaintiff brings a suit under another federal law for compensatory damages," IDEA does not create an exhaustion bar because IDEA "does not provide" compensatory damages as a form of relief. *Id.* at 147–48.

Following *Perez*, Plaintiffs moved the district court to "amend or correct [the] judgment" in this action pursuant to Federal Rules of Civil Procedure 60(b)(1), because the court made a "mistake of law," and

---

[3] Plaintiffs attempted to amend their complaint in November 2021, but this request was "rejected."

[4] The court also dismissed the THRC claim, declining to exercise supplemental jurisdiction.

60(b)(6), "to prevent a grave miscarriage of justice." Plaintiffs premised their motion on *Perez*'s holding that a plaintiff need not meet IDEA's exhaustion requirements for claims for compensatory damages under other federal statutes—here the ADA and § 504 of the RA—and various equitable factors they contend support relief. The district court denied the motion. The court concluded that a change in the law after judgment does not equate to a "mistake of law" entitling Plaintiffs to relief under Rule 60(b)(1), and that Plaintiffs could not seek relief under Rule 60(b)(6) when their argument fell under Rule 60(b)(1).

Plaintiffs appeal the denial of their Rule 60(b) motion. They argue that they are entitled to relief under Rule 60(b)(1) because the district court made several mistakes of law and that *Perez*, coupled with equitable factors, supports their motion. As to Rule 60(b)(6), Plaintiffs again highlight the change in law under *Perez* and offer different equitable reasons that they believe justify relief.

## II.

"Federal Rule of Civil Procedure 60(b) permits a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Kemp v. United States*, 596 U.S. 528, 533 (2022) (internal quotation marks omitted). Applicable here, the rule provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> . . .
>
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60 (emphasis in original). "We review Rule 60(b) decisions for abuse of discretion." *Roberts v. Wal-Mart La., L.L.C.*, 54 F.4th 852, 854 (5th Cir. 2022).

We begin with Plaintiffs' three proffered grounds for relief under Rule 60(b)(1). Each fails.

First, Plaintiffs contend the district court could not properly dismiss their claims with prejudice based on lack of subject matter jurisdiction. Second, they contend the district court erred in relying on *McMillen* at the time of judgment because their case was readily distinguishable. However, Plaintiffs forfeited both arguments by "failing to raise [them] in the first instance in the district court" within their motion. *Rollins v. Home Depot, USA*, 8 F.4th 393, 397 (5th Cir. 2021); *see also Webb v. Davis*, 940 F.3d 892, 899 (5th Cir. 2019) (finding that one of petitioner's arguments was "not properly before [the court] because [petitioner] did not raise it in his Rule 60(b) motion").[5]

Plaintiffs' last argument as to Rule 60(b)(1), which is properly before us, is that the change in law embodied by *Perez*, coupled with equitable factors articulated in *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. Unit A Jan. 1981), entitles them to relief. *See* **Blue Br. 31–34.** In *Seven Elves*, our court outlined eight factors that inform our consideration of Rule 60(b) motions:

> (1) That final judgments should not lightly be disturbed;
> (2) that the Rule 60(b) motion is not to be used as a substitute
> for appeal; (3) that the rule should be liberally construed in

---

[5] Regardless of forfeiture, the issue of whether the district court erred in dismissing the case with prejudice "should have been raised on appeal," and "Rule 60(b)(1) cannot be considered an appropriate avenue of relief." *United States v. 329.73 Acres of Land, More or Less*, 695 F.2d 922, 925–26 (5th Cir. 1983); *see also Benson v. St. Joseph Reg'l Health Ctr.*, 575 F.3d 542, 547 (5th Cir. 2009) (noting that Rule 60(b)(1) motions do not substitute for timely appeals).

order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether . . . the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether if the judgment was rendered after a trial . . . the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack.

635 F.2d at 402 (citing *United States v. Gould*, 301 F.2d 353, 355–56 (5th Cir. 1962)). Plaintiffs contend that they merit relief under Rule 60(b)(1) after *Perez* because they timely filed their motion[6] and because their case was dismissed for lack of jurisdiction, rather than on the merits.

Plaintiffs do not show an abuse of discretion in the district court's denial of relief under Rule 60(b)(1). To begin, they fail to offer another circumstance in which the *Seven Elves* factors plus a change in caselaw constituted a "mistake" entitling a party to relief under the rule. While we grant that a few factors weigh in Plaintiffs' favor—they moved timely, and the court's dismissal was not on the merits—more factors militate against them: Final judgments should not be disturbed. And Plaintiffs effectively attempt to bootstrap Rule 60(b)(1) as a substitute for an appeal of the district court's dismissal of their claims with prejudice for failure to meet IDEA's exhaustion requirements. Yet Plaintiffs could have appealed that decision, just as the *Perez* plaintiffs did. Also, they were repeatedly admonished to exhaust state remedies, but never did so. Among other grounds for declining

---

[6] Rule 60(b) requires a plaintiff to file "at most, one year after the entry of the order under review" under subsection (1) and "within a reasonable time" under subsection (6). *Kemp*, 596 U.S. at 531–32 (citing Fed. R. Civ. P. 60(b), (c)(1)). BISD does not dispute that Plaintiffs timely filed their motion.

to do so, these "intervening equities . . . would make it inequitable to grant relief" under Rule 60(b)(1). *Seven Elves*, 635 F.2d at 402.

Turning to their Rule 60(b)(6) arguments, Plaintiffs first contend that the district court erred in holding that they could not premise their motion on Rule 60(b)(6)'s catch-all provision in addition to traveling under Rule 60(b)(1)'s "mistake" ambit. But "[t]he categories of relief under Rule 60 are mutually exclusive from one another, meaning that an action cannot be brought through the catch-all provision of Rule 60(b)(6) if it could have been brought through one of the Rule's first five subsections." *D.R.T.G. Builders, L.L.C. v. Occupational Safety & Health Rev. Comm'n*, 26 F.4th 306, 313 (5th Cir. 2022) (quotation marks and citation omitted). Pertinent here, "Rule 60(b)(1) covers all mistakes of law made by a judge." *Kemp*, 596 U.S. at 534. While the Supreme Court expressly has "not decide[d] whether a judicial decision rendered erroneous by subsequent legal or factual changes also qualifies as a 'mistake' under Rule 60(b)(1)," *id.* at 535 n.2, and nor have we, we may pretermit whether Plaintiffs' motion properly "could have been brought" under Rule 60(b)(1) because Plaintiffs' arguments fail under either rule, *see D.R.T.G. Builders*, 26 F.4th at 313.[7]

"[W]hen seeking relief under Rule 60(b)(6), a movant is required to show extraordinary circumstances justifying the reopening of a final judgment." *Diaz v. Stephens*, 731 F.3d 370, 374 (5th Cir. 2013) (internal quotation marks omitted) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). Standing alone, "a change in decisional law after entry of judgment

---

[7] Though the district court did not evaluate Plaintiffs' Rule 60(b)(6) argument because it held that Plaintiffs could only proceed under Rule 60(b)(1), we may nonetheless review Plaintiffs' preserved arguments and "may affirm a judgment upon any basis supported by the record." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998); *see also Price v. Admin. Receiver for the Hous. Auth. of New Orleans*, 670 F. App'x 259, 261 (5th Cir. 2016) (pretermitting a Rule 60(b) timeliness question and affirming on alternative grounds).

does not constitute exceptional circumstances and is not alone grounds for relief from a final judgment under Rule 60(b)." *Id.* at 375–76 (internal quotation marks omitted) (quoting *Bailey v. Ryan Stevedoring Co.*, 894 F.2d 157, 160 (5th Cir. 1990); citing *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 749 (5th Cir. 1995)). True enough, this court has suggested that a "change in decisional law combine[d] with other factors [can] tip the delicate balance between the sanctity of final judgments . . . and the incessant command of the court's conscience that justice be done in light of all the facts." *Priester v. JP Morgan Chase Bank, N.A.*, 927 F.3d 912, 913 (5th Cir. 2019) (internal quotation marks omitted); *see also Gould*, 301 F.2d at 355–56.[8] "It is not apparent, however, that we have ever found such a situation." *Priester*, 927 F.3d at 913. And on reviewing a Rule 60(b)(6) motion, "it is not enough that the granting of relief might have been permissible, or even warranted—denial must have been so unwarranted as to constitute an abuse of discretion." *Diaz*, 731 F.3d at 374 (citation and punctuation omitted).

Plaintiffs' Rule 60(b)(6) argument echoes their contention under Rule 60(b)(1), namely that *Perez* and its progeny, coupled with equitable considerations slightly distinct from those they offer under Rule 60(b)(1), create an extraordinary circumstance entitling them to relief. They point to J.V.'s "multiple disabilities," their case's dismissal on procedural grounds rather than on the merits, and "no other possible remedy at law." But as with Rule 60(b)(1), Plaintiffs fail to cite, and we do not find, any circumstance

---

[8] The interplay between the *Seven Elves* factors and Rule 60(b)(6)'s "extraordinary circumstances" test may be attenuated. *See Diaz*, 731 F.3d at 376 n.1 (noting that "*Seven Elves* reflects factors most applicable to relief sought under Rule 60(b)(1)–(5)," while Rule 60(b)(6) "require[s] truly 'extraordinary circumstances'" lest the rule "supersede the companion provisions"). We need not delve further into this topic though, because Plaintiffs' arguments neither succeed under *Seven Elves* nor rise to "extraordinary circumstances."

in which this court has found an abuse of discretion in denying Rule 60(b)(6) relief based on a district court's failure to consider equitable factors alongside a change in decisional law.[9] *See Priester*, 927 F.3d at 913. We decline to break such ground in today's case. At base, Plaintiffs fail to show that the district court's denial of their Rule 60(b)(6) motion was "so unwarranted as to constitute an abuse of discretion." *Diaz*, 731 F.3d at 374.

## III.

Plaintiffs fail to show that the district court made a cognizable "mistake" of law under Rule 60(b)(1) at the time of its judgment dismissing their claims, and the *Seven Elves* factors do not change the calculus. Plaintiffs fare no better under Rule 60(b)(6). "[A] change in decisional law after entry of judgment does not constitute exceptional circumstances . . . under Rule 60(b)(6)," *Diaz*, 731 F.3d at 375, and even adding their proffered equitable factors, Plaintiffs fail to show that the district court abused its discretion in denying their motion.

AFFIRMED.

---

[9] Plaintiffs cite *Bankers Mortgage Co. v. United States*, 423 F.2d 73 (5th Cir. 1970), to support their position. But the *Bankers Mortgage* panel *affirmed* the denial of the taxpayer's Rule 60(b) motion, holding that the taxpayer could not "relitigate [the] question" at issue. 423 F.2d at 81.

Plaintiffs also offer *Chavez v. Brownsville Independent School District*, No. 22-40085, 2023 WL 3918987 (5th Cir. June 9, 2023), and *Heston v. Austin Independent School District*, 71 F.4th 355 (5th Cir. 2023), for support. But neither case involved Rule 60(b) motions; rather, this court vacated and remanded in those cases in order for the district court to consider appellants' claims afresh in the light of *Perez. See Chavez*, 2023 WL 3918987, at *2; *Heston*, 71 F.4th at 357. Those circumstances greatly differ from this case, where Plaintiffs did not appeal the district court's underlying dismissal.